# Poor District of Huntingdon Township, *versus* Poor District of New Columbus Borough.

109 579<br>135 93

1. Under the Act of June 13th, 1836, where an appeal from an order of removal of a pauper is sustained, and a reasonable sum is awarded by the court to the appellant for costs and charges, the court may, at the same session, if demand is then made, award such additional sum as will reimburse appellant for the amount paid towards the relief of the pauper between the time of removal and the determination of the appeal. But if no such demand be made at the same session, the right to recover such sum is not lost; a claim therefor may subsequently be filed and allowed by the court. The two claims being separate and independent, the adjudication of one is not *res adjudicata* as to the other.'

2. Overseers of Williamsport v. Eldred Township, 6 W. N. C., 188, followed.

April 15th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

CERTIORARI to the Court of Quarter Sessions of *Luzerne county.* Of January Term 1885, No. 366.

This was in the court below an appeal by the Poor District of the borough of New Columbus, from an order of removal of Philip Faux, and his family, seven in number, paupers, from the Poor District of Huntingdon township to the Poor District of New Columbus. Upon a rule to show cause why the appeal should not be stricken off, the court, (WOODWARD, J.) on February 12th, 1883, adjudged that the legal place of settlement of said paupers was Huntingdon township, and entered an order discharging the said rule, sustaining the appeal, and directing " that the Overseers of the Poor of Huntingdon township pay to the Overseers of the Poor of New Columbus

borough, the sum of $16.65, as her reasonable cost and charges expended in this behalf."

The record further showed the following:

"Now 21st February, 1884, on application of John Lynch, Esq., attorney for plaintiff, court direct the within bill of expenses, disbursements and costs, amounting to $549.67, to be filed, and that a rule to show cause why an order should not be made upon Huntington township, Luzerne county, to pay the same, according to the Act of Assembly in such case made and provided. Returnable next Argument Court at 10 o'clock, A. M., and to be served upon the Overseers of Huntingdon township or their attorney. Depositions to be taken on either side on five days notice before E. A. Lynch, Esq., who is hereby appointed commissioner for the purpose."

"Now 19th January, 1885, the rule granted on the 21st of February, 1884, is made absolute."

The defendant thereupon took this writ, assigning for error the order making absolute said last mentioned rule, and the judgment entered thereon in favor of the Poor District of New Columbus borough against Huntington township for $549.67.

*Q. A. Gates,* for the plaintiff in error.—The matter assigned for error was *res adjudicata.* The order of the court made February 12th, 1883, directed the township of Huntingdon to pay to the borough of New Columbus $16.65 as her reasonable costs and charges expended in this behalf. The order, or rule of 21st of February, 1884, was for expenses, disbursements and costs, amounting to $549.67. Here upon the face of the record we have two orders or judgments for the same cause of action. The Act of 13th of June, 1836, expressly provides that this settlement shall be made at the same session at which the appeal is determined. To avoid injustice this court has decided that this settlement may be made at a later term, but it will be too long a stretch of the same statute to say that that settlement may be made as late and as often as the parties choose to apply.

*John Lynch,* for the defendant in error.—There was no " demand " made by the borough at the session when the settlement was decreed, therefore the right of recovery was not lost, and on a subsequent demand being made, the court had the right, on application to award the bill: Overseers of Williamsport *v.* Overseers of the Poor of Eldred Township, 6 W. N. C., 188. The order for costs, on the sustaining of the appeal, was not an adjudication of the claim for money expended for the support of the paupers. The Act, in separate sec-

tions, provides for both these matters, and the decision as to one is binding only as to that.

Mr. Justice CLARK delivered the opinion of the Court, April 27th, 1885.

The contention of the plaintiff in error is, that the claim of the borough of New Columbus, in this case, was adjudicated in the decree of 12th February, 1883, allowing to the said borough $16.65 as costs and charges, upon the appeal from the order of removal, taken by Huntingdon township. The present demand is $549.67, money paid out by the appellant, towards the relief of Philip Faux and family, the paupers, from the date of the removal, to the determination of the appeal.

The 20th section of the Act of 13th June, 1836, consists of two clauses; the first provides as follows: "For the more effectual preventing of vexatious removals and frivolous appeals, the court of quarter sessions, upon every appeal in a case of settlement, or upon proof being made before them of notice thereof, as aforesaid (though the appeal be not afterwards prosecuted), shall, at the same session, order to the party in whose behalf such appeal shall be determined, or to whom such notice did appear to have been given, such costs and charges as the said court shall consider reasonable and just, to be paid by the overseers or other persons against whom such appeal shall be determined, or by the person that gave such notice."

If the Act made no further provision on this point, such practical difficulties must in many cases arise, as would defeat its purpose. By the removal, the pauper is transferred from the custody and care of the appellee to that of the appellant, and the expenditures made during the pendency of the proceedings on the appeal cannot, at the hearing, be anticipated; the litigation may be protracted not only in the sessions but by certiorari to this court; the expenditures, from time to time, may greatly increase or diminish according to the health and condition of the pauper. It would be impossible, therefore, to estimate beforehand the amount which an appellant would be entitled to receive at the close of the litigation. Until a final decree is entered in the sessions or here, the amount of money paid for relief, in the nature of the case, cannot be computed. If it be said that the computation may be made to the date of the decree in the sessions, how can the appellant know at what date the court may determine the appeal; or, knowing that, how can he determine what disbursements he may be obliged to make before that day? It was doubtless to obviate the practical difficulties suggested,

that the legislature added the second clause to this 20th section, as follows: "And if the court shall determine in favor of the appellant, that such poor person was unduly removed, they shall, at the same session, *on demand*, award to such appellant so much money as shall appear to them to have been reasonably paid by the city or district appellant, towards the relief of such poor person, between the time of such undue removal and the determination of such appeal with costs, as aforesaid."

It would seem, therefore, to be imperative upon the court to award to the appellant, if the appeal be determined in his favor, the sums expended for relief, at the same sessions, only on demand. But if no demand be then made the right of recovery still remains, and a demand being subsequently made, the court may still award the amount expended. This was ruled in Williamsport *v.* Eldred Township, 6 W. N. C., 188. The statute is remedial in its character, and is entitled to receive a liberal construction. The ruling of the case cited is in exact accordance, not only with the letter, but the purpose and spirit of the statute. It follows, that when the appeal is determined in favor of the appellant, the award may be for costs and charges attending the suit only, or it may, on demand, embrace also the moneys expended for relief.

In the case at bar, the record discloses no claim filed or demand made, for the expenditures on part of the appellant prior to the adjudication of 12th February, 1883. In this form of procedure, the pleadings are, it is true, informal, but, in order to establish a plea of former recovery, there should be something disclosed by the record which would show the claim to have been adjudicated. It is certainly true as contended, that in a competent judicial investigation, the matters necessarily involved in the issue must, upon the determination thereof, as between the parties, be regarded as *res adjudicata;* the judgment of the court is the conclusion of the law upon the facts contained in the record, and puts an end to all further litigation on account of the same matter. But if the subject of litigation, the matter out of which the controversy springs, is not entire; if it is divisible in its nature into distinct parts, so as to support separate actions, and the record does not in terms embrace the whole, we cannot assume that the whole has been adjudicated.

In the case under consideration the court could only award the money expended for relief, on demand; until demanded the claim was in no sense before the court, and the court can not be considered as having adjudicated what was not before it. The matter directly involved in the issue was, whether or not the last legal settlement of Philip Faux and his family

was in the borough of New Columbus.   This being adjudged against the appellees the costs and charges of the appeal followed as incident to the judgment, but the award to the appellants for money paid out for relief of the paupers, during the pendency of the appeal, was matter proper for adjustment on demand, and only on demand.   This by the 20th section of the Act of 1836 is a distinct and severable item of claim, which may be enforced at the determination of the appeal or afterwards, as the appellants may choose.   There is no proof on the face of this record, however, and there can be no other proof, that any demand was made, that the claim was presented or in any manner considered by the court, and we cannot, therefore, conclude that it was covered by the decree. It is not denied, in point of fact, that the bill is moderate and fair, that the articles charged and the services rendered are correctly stated; it is not pretended that the bill as now presented was at any time paid; the defence rests wholly upon a supposed technical legal rule invoked by the appellees, which, however, we think is not applicable to this case.   We are of opinion, therefore, that the learned judge of the sessions was clearly correct in the decree entered 19th January, 1885, directing payment of the appellants' bill for moneys paid out during the pendency of the appeal.

> The decree of the quarter sessions is therefore affirmed.