## Pater *v.* Superior Steel Company, Appellant.

*Workmen's compensation—Loss of arm—Loss of hand—Amputation below elbow—Amount of compensation—Act of June 2, 1915, Sec. 306, P. L. 736.*

1. A workman suffering an injury to his arm which necessitated amputation below the elbow and which resulted in a permanent loss of the use of his arm is entitled to compensation for the loss of the arm rather than the loss of the hand, under Section 306 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, designating the amount of compensation for the loss of a hand and for the loss of an arm, since the language of the statute was intended to include all cases where there is a permanent loss of the use of the entire member mentioned in the act, without regard to the point of amputation, as well as cases where such loss is sustained from injuries not requiring amputation.

2. The Workmen's Compensation Act is a remedial statute, and is to receive a liberal construction.

Argued Oct. 17, 1918. Appeal, No. 76, Oct. T., 1918, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1917, No. 2114, sustaining an award of compensation in case of Elmer Pater v. Superior Steel Company, a corporation. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Appeal from order of Workmen's Compensation Board affirming award of referee. Before HAYMAKER, J.

*Error assigned* was the affirmance of the award of the compensation board.

*George Bradshaw,* with him *Charles F. Patterson,* for appellant.

*Allen Davis,* for appellee, not heard.

OPINION BY MR. CHIEF JUSTICE BROWN, January 4, 1919:

The right arm of Elmer Pater, an employee of the Superior Steel Company, was caught in one of its rolls and badly crushed. Amputation followed, about an inch or three-fourths of an inch below the elbow. The referee found that "on account of the amputation of the forearm so near the elbow joint and from the restricted motion of the elbow due to infection and interference with the muscles that move the joint the claimant has lost the permanent use of the right arm for all practical purposes." Under this finding he was awarded compensation for two hundred and fifteen weeks. From the award an appeal was taken, on the ground that the compensation should have been for but one hundred and seventy-five weeks, for the loss of a hand. The award was affirmed by the compensation board. An appeal followed to the court below, and from its order, affirming the award, there is this appeal by the steel company.

The question before us depends upon the proper construction of the following clauses in Section 306 of the Workmen's Compensation Act of June 2, 1915, P. L. 736: "For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows: For the loss of a hand, fifty per centum of wages during one hundred and seventy-five weeks. For the loss of an arm, fifty per centum of wages during two hundred and fifteen weeks....... Amputation between the elbow and the wrist shall be considered as the equivalent of the loss of a hand, and amputation

between the knee and ankle shall be considered as the equivalent of the loss of a foot. Amputation at or above the elbow shall be considered as the loss of an arm, and amputation at or above the knee shall be considered as the loss of a leg. Permanent loss of the use of a hand, arm, foot, leg, or eye shall be considered as the equivalent of the loss of such hand, arm, foot, leg, or eye."

The contention of appellant is that, as the arm was amputated between the elbow and wrist, the claimant lost only a hand under the statute, and was, therefore, entitled to compensation for but one hundred and seventy-five weeks. The act is remedial and is to receive a liberal construction: Quinn v. Fidelity Beneficial Association, 100 Pa. 382; Poor District of Huntingdon Township v. Poor District of New Columbus Borough, 109 Pa. 579; Commonwealth v. Shaleen, 215 Pa. 595; Jones v. Beale, 217 Pa. 182; but aside from this, under the fact found by the referee, the express words of the statute called for the award made to the claimant. He had permanently lost the use of his arm. While the act declares that amputation at any point between the elbow and wrist shall, ipso facto, be considered the equivalent of the loss of a hand, it further provides, in the same clause, that permanent loss of the use of an arm shall be the equivalent of its loss. This can have but one meaning, and that is the permanent loss of the use of an arm, with or without amputation, resulting from injuries sustained by a workman, shall be the equivalent of the actual loss of the arm. If in the present case there had been no amputation, but the arm had been so crushed as to hang permanently useless at the side of the claimant, could his right to compensation for two hundred and fifteen weeks be questioned? The finding of the referee is that, as the result of the injuries which he sustained in the course of his employment, he has permanently lost the use of his arm, and the amputation which necessarily followed is not a determining factor in fixing the basis upon which com-

pensation is to be allowed. This was the correct view of the learned court below, as expressed in the following construction which it placed upon the words of the statute: "They were intended to cover or include all cases wherein there is a permanent loss of the use of the entire member mentioned in the act, without regard to the point of amputation, as well as cases wherein such loss is sustained from injuries not requiring amputation."

Appeal dismissed and award affirmed.