Reading Tube Corp., Appellant, *v.* Workmen's Compensation Appeal Board and James Scull, Appellees.

Argued February 8, 1974, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Richard A. Bausher,* with him *Stevens & Lee,* for appellant.

*D. Frederick Muth,* with him *Rhoda, Stoudt & Bradley,* for appellee.

OPINION BY JUDGE WILKINSON, February 28, 1974:
James Scull, claimant-appellee, sustained an accidental injury while in the course of his employment with Reading Tube Corporation, appellant, on April 17, 1968, as a result of which his right index finger was amputated. The appellant and claimant-appellee entered into an agreement for the payment of compensation for approximately thirty-five weeks to the appellee. Thereafter, six operations were performed upon claimant-appellee's hand in an attempt to remove recurring neuromas[1] which had developed in claimant-appellee's right hand as a result of the injury. None of these operations was successful; indeed, one of the operations caused claimant-appellee to lose feeling in his right middle finger. In August, 1972, claimant-appellee filed a petition for reinstatement of the compensation agreement, alleging that his injury had resolved itself into the permanent loss of the use of his right hand. After a hearing, the Workmen's Compensation referee found that the "claimant has suffered the permanent loss of use of his right hand for all practical intents and purposes." The Workmen's Compensation Appeal Board affirmed the referee's decision and this appeal followed.

The sole issue involved here is whether there is substantial evidence to support the finding that claimant-appellee has suffered a permanent loss of use of his right hand for all practical intents and purposes. Appellant argues that claimant-appellee failed to show

---

[1] Described by claimant-appellee's doctor as follows: "A neuroma is where you amputate or cut a nerve, where the nerve has been transected. Most nerves heal over and they are non-painful. A neuroma is a ball of nerve tissue that is very painful."

the necessary loss of use of his hand and failed to show that such loss was permanent. We disagree.

Section 306(c)(24) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §513, provides that "Permanent loss of the use of a hand . . . shall be considered as the equivalent of the loss of such hand. . . ." Judge WOODSIDE, in *Curran v. Walter E. Knipe and Sons, Inc.*, 185 Pa. Superior Ct. 540, 547, 138 A. 2d 251, 255 (1958), reviewed the legislative history of Section 306 (c) and clearly discussed the proper test under that Section: "The test to be applied is whether the claimant has suffered 'the permanent loss of use of the injured member for all practical intents and purposes.' This is not the same test as the 'industrial use' test although the two would often bring the same result if applied in particular cases. Generally the "all practical intents and purpose' test requires a more crippling injury than the 'industrial use' test in order to bring the case under Section 306(c) supra. *However, it is not necessary that the injured member of the claimant be of absolutely no use in order for him to have lost the use of it for all practical intents and purposes."* (Emphasis added.)

There is no doubt that claimant-appellee still has some limited use of his right hand. The record reveals that he is able to pick up with discomfort a few sheets of paper with his right hand and shift gears on an automatic gear shift with the side of his right hand. Claimant-appellee cannot, however, grasp a tool, cannot eat with his right hand, and is in constant pain because of the neuromas. While the compensation authorities might have found that claimant-appellee did not lose the use of his hand for all practical intents and purposes, there is substantial evidence to support a finding that he did so lose the use of his hand, there-

48

by satisfying the requirements of Section 306(c) and of *Curran, supra.*

In considering whether claimant-appellee satisfied the above requirements, we are mindful that our scope of review is limited and that it is for the fact finder to determine the weight to be given the evidence. Furthermore, the party prevailing below is to receive the benefit of the most favorable inference deducible from the evidence. *Rosenau Brothers, Incorporated v. Workmen's Compensation Appeal Board and Dantone,* 10 Pa. Commonwealth Ct. 462, 311 A. 2d 160 (1973).

Appellant argues that claimant-appellee has failed to show that the loss of use of his hand is permanent. While it is true that claimant-appellee's doctor never specifically testified that the neuromas are "permanent," he did testify that the condition of the hand would not improve in the future. Furthermore, he testified that once a neuroma forms, it is probable that another will form and that it is very difficult to get rid of them. So difficult, in fact, that six operations to remove the neuromas were performed and all failed. In light of this testimony, the compensation authorities were justified in concluding that claimant-appellee suffered a permanent loss. *See Wall v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 12, 315 A. 2d 656 (1974) (Filed February 26, 1974).

Accordingly, we enter the following

ORDER

Now, February 28, 1974, the decision of the Workmen's Compensation Appeal Board, awarding claimant-appellee $60.00 per week for a period of 175 weeks, plus a healing period of 20 weeks, plus interest at the rate of 6% per annum, plus costs of $5.00, with appellant, through its insurance carrier, to receive credit for the payments of compensation already made, is affirmed.