Gindy Manufacturing Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Luis Burgos, Respondents.

Argued September 16, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*John F. Christie, III,* with him *High, Swartz, Roberts & Seidel,* for petitioner.

*Charles C. Hansford,* with him *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE ROGERS, October 7, 1977:

Gindy Manufacturing Company has appealed an order of the Workmen's Compensation Appeal Board affirming a referee's order modifying a compensation agreement favorably to an injured worker.

Luis Burgos suffered compensable injuries as the result of which the index, middle and ring fingers of his right hand were amputated midway between the first and second joint. Burgos was provided a notice of compensation payable which fixed his compensation at $94.00 per week but which made no mention of the number of weeks that payments were to be made. A supplemental agreement set these payments at 95 weeks computed on the basis of one-half loss of the right index finger, entitling claimant to 25 weeks of compensation; the complete loss of the right middle finger providing 40 weeks of compensation; and the complete loss of the right ring finger for a further 30 weeks of compensation.[1] Burgos required further surgery on the injured fingers and two additional supplemental agreements, dated respectively February 20 and June 5, 1973, were entered into, the first suspend-

---

[1] Benefits were computed pursuant to the schedule of compensation for such losses contained in Section 306(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513, added by Section 1 of the Act of August 24, 1953, P.L. 1382, *as amended,* 77 P.S. §513.

ing specific loss benefits during the post-surgery healing periods and the second reinstating benefits at the end of the healing periods.[2]

On November 8, 1973, the claimant filed a petition for modification of the compensation agreement, alleging that his disability had increased and that he had lost the use of his right hand for all practical intents and purposes. The referee dismissed this petition in light of still another agreement dated November 26, 1973 which provided that because of additional surgery on the index finger, compensation would be granted for the specific loss of all three fingers and that the claimant would receive payments for an additional 25 weeks to cover the balance of the index finger loss. The Board on appeal reversed and remanded for a further hearing, after which the referee made extensive findings of fact and concluded that: "The claimant, as a result of the injuries sustained on October 6, 1972, has sustained a loss of use of his right hand for all practical intents and purposes." The Board affirmed without taking additional evidence. The employer has appealed, assigning as the sole issue that the evidence of record does not support the finding that the claimant lost the use of his hand. We disagree and affirm.

Where, as here, the party having the burden of proof prevails in proceedings before the referee and the Board affirms without taking additional evidence, our scope of review is limited to a determination of whether the referee's findings and conclusions are supported by substantial evidence, an error of law has been committed or constitutional rights violated. *Cairnbrook Coal Co. v. Workmen's Compensation Ap-*

---

[2] Section 306(c)(25) of The Pennsylvania Workmen's Compensation Act, 77 P.S. §513(25), provides for additional compensation for such healing periods apart from that for specific loss of body member.

*peal Board,* Pa. Commonwealth Ct. , 374 A.2d
766 (1977); *see also Wall v. Workmen's Compensation
Appeal Board,* 12 Pa. Commonwealth Ct. 12, 315 A.2d
656 (1974). The issue of whether an employee has
lost the use of his hand is a question of fact rather
than one of law. *Wall, supra.*

This case is much similar on the facts to *Reading
Tube Corp. v. Workmen's Compensation Appeal
Board,* 12 Pa. Commonwealth Ct. 45, 315 A.2d 678
(1974). There, the claimant suffered injuries which
required the amputation of his right index finger. An
agreement was entered into for compensation for 35
weeks for the loss of the finger. Later, one of six
unsuccessful operations performed in an attempt to
cure recurring pain in fact caused a loss of feeling in
claimant's right middle finger. The claimant later
sought the larger benefits which would accrue if it
could be established that he had suffered the perma-
nent loss of use of his right hand. The referee and
Board ruled in favor of the claimant and we, through
Judge WILKINSON, affirmed, reasoning that:

Section 306(c)(24) of The Pennsylvania
Workmen's Compensation Act, Act of June 2,
1915, P.L. 736, as amended, 77 P.S. §513, pro-
vides that 'Permanent loss of the use of a hand
. . . shall be considered as the equivalent of the
loss of such hand. . . .' Judge WOODSIDE, in Cur-
ran v. Walter E. Knipe and Sons, Inc., 185 Pa.
Superior Ct. 540, 547, 138 A.2d 251, 255 (1958),
reviewed the legislative history of Section 306
(c) and clearly discussed the proper test under
that Section: 'The test to be applied is wheth-
er the claimant has suffered "the permanent
loss of use of the injured member for all prac-
tical intents and purposes." ' This is not the
same test as the 'industrial use' test although
the two would often bring the same result if ap-

plied in particular cases. Generally the 'all practical intents and purpose' test requires a more crippling injury than the 'industrial use' test in order to bring the case under Section 306(c) supra. *However, it is not necessary that the injured member of the claimant be of absolutely no use in order for him to have lost the use of it for all practical intents and purposes.* (Emphasis added.)

There is no doubt that the claimant-appellee still has some limited use of his right hand. The record reveals that he is able to pick up with discomfort a few sheets of paper with his right hand and shift gears on an automatic gear shift with the side of his right hand. Claimant-appellee cannot, however, grasp a tool, cannot eat with his right hand, and is in constant pain because of the neuromas. While the compensation authorities might have found that claimant-appellee did not lose the use of his hand for all practical intents and purposes, there is substantial evidence to support a finding that he did so lose the use of his hand, thereby satisfying the requirements of Section 306(c) and of Curran, supra. (Emphasis in original.)

*Reading Tube Corp. v. Workmen's Compensation Appeal Board, supra* at 47-48, 315 A.2d at 678-79.

The referee's well-supported findings of fact in this case describe disabilities of the present claimant much like those of the claimant in *Reading Tube Corp., supra.* Although the instant claimant, a manual worker, retains a degree of functional use of his right hand, is able to pick up sheets of paper from a desk with strenuous effort and shift gears of an automatic floor gear shift by pressure of the palm of his hand, he is unable to grasp manual tools or properly operate certain power tools. He is unable to button his shirt or

pick up small objects, such as paper clips, from a table; and he has difficulty tying shoelaces. Inclement weather causes claimant pain in the partially amputated fingers and in the right hand generally. In short, this substantial evidence of record supports the finding that claimant has permanently lost the use of his hand for all practical intents and purposes.

The employer suggests that the referee was in some way bound to conclude that the claimant had not lost the use of his hand for all practical intents and purposes because there was medical testimony that claimant's functional loss of use of the right hand was not more than 55%. We may agree that this tends to show that the claimant has not completely lost the use of the hand; but the standard of the law is not complete loss but loss for "all practical intents and purposes." Other evidence, as we have said, supports the finding that this claimant lost his hand by the law's standard.

Accordingly, we enter the following

ORDER

AND Now, this 7th day of October, 1977, the decision of the Workmen's Compensation Appeal Board is hereby affirmed, and the appeal of the Gindy Manufacturing Company is hereby dismissed.