Nicholas Lykouras, Petitioner *v.* Workmen's Compensation Appeal Board (Lyk-Math Incorporated), Respondents.

Argued April 6, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Harry A. Dorian,* with him *Barbara J. O'Hara, Rudolph, Seidner, Goldstein, Rochestie & Salmon, P.C.,* for petitioner.

*Charles W. Croven,* with him *Paul R. Brady, III, Marshall, Dennehey, Warner, Coleman & Goggin,* for respondent, Lyk-Math Incorporated.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 5, 1983:

Nicholas Lykouras appeals a Workmen's Compensation Appeal Board order affirming a referee's denial of both total disability and specific loss-of-arm benefits. We affirm in part, reverse in part and remand.

Lykouras, a Lyk-Math, Inc., employee, sustained injuries when robbers entered the restaurant he managed and shot him. Metal pellets from the shotgun blast struck him in the left arm, neck, and chest. The wounds to his arm necessitated its amputation four inches below the elbow. He filed for benefits under The Pennsylvania Workmen's Compensation Act[1] (Act), alleging total disability from the resultant psychological trauma, and, alternatively, loss of his arm's use. The referee denied benefits for both total disability and loss of the *entire* arm. Instead, he awarded lesser benefits for specific loss of his *forearm* under Section 306(c) of the Act.[2]

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1.

[2] 77 P.S. §513. Benefits under Section 306(c) for specific loss of a forearm are 66 2/3% of wages ($200.00 in the case of Lykouras) for a 370-week period, whereas benefits under the same section for loss of an arm are 66 2/3% of wages over a 410-week period. Total disability benefits, as provided in Section 306(a), 77 P.S. §511, are 66 2/3% of wages for the duration of the disability.

Where the claimant has failed to sustain his burden of proof, and the Board has affirmed, our review is limited to ascertaining whether constitutional rights were violated, an error of law was committed, or there has been a capricious disregard of competent evidence. *Killian v. Workmen's Compensation Appeal Board,* 62 Pa. Commonwealth Ct. 29, 434 A.2d 906 (1981).

Lykouras first argues that the referee capriciously disregarded competent evidence in finding that he failed to prove total disability from resulting psychological trauma. We disagree.

Questions of credibility and the resolution of conflicting testimony are for the referee, not the reviewing court. *Padilla v. Chain Bike Corp.,* 27 Pa. Commonwealth Ct. 190, 365 A.2d 903 (1976). Specifically, a referee's acceptance of one medical opinion and rejection of another is not a capricious disregard of competent evidence. *McHale v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 344, 425 A.2d 34 (1981).

The parties' respective psychiatric experts presented conflicting opinions as to whether Lykouras was totally disabled. The referee, in his discretion, resolved this conflict in Lyk-Math's favor. Thus, his rejection of Lykouras' evidence did not constitute a capricious disregard of it.

Lykouras next contends that the denial of benefits for loss of his arm's use was based on an error of law. The referee's Finding of Fact No. 9 provides:

In an amputation case an alleged loss of use is not relevant since the site of the amputation is the governing factor and the statute [Section 306(c)(24) of the Act[3]] specifically provides

---

[3] 77 P.S. §513(24).

that an amputation between the wrist and elbow shall be considered a loss of the forearm.

This finding represents an erroneous reading of the Act.

Neither the language of the Act nor the cases decided under it preclude "loss of use" benefits for injuries involving amputation. Section 306(c)(24) provides: "Amputation between the wrist and elbow shall be considered as the loss of a forearm . . . ;" yet in the same paragraph it states that *"[p]ermanent loss of the use of a(n) . . . arm . . . shall be considered as the loss of such . . . arm. . . ."* (Emphasis added.) In *Pater v. Superior Steel Co.*, 263 Pa. 244, 106 A. 202 (1919), a claimant's arm was badly crushed, requiring its amputation an inch *below* the elbow. Notwithstanding that the Act then provided that amputation between the wrist and elbow was to be considered as the loss of a hand, our Supreme Court upheld a referee's finding that, due to the closeness of the amputation to the elbow and the restricted motion of the joint from infection and interference with its muscles, the claimant had permanently lost the use of the *entire* arm. Recent cases involving Section 306(c)(24) have upheld awards for specific loss of the use of a hand where amputation was limited to one or more fingers;[4] in each, the impairment to the hand was not confined to the loss of the fingers. *See Gindy Manufacturing Co. v. Workmen's Compensation Appeal Board*, 32 Pa. Commonwealth Ct. 128, 378 A.2d 492 (1977) (inclement weather caused pain in partially-amputated fingers and in hand generally); *Reading Tube Corp. v. Workmen's Compensation Appeal Board*, 12 Pa. Commonwealth Ct. 45, 315 A.2d 678

---

[4] Section 306(c) contains specific benefit provisions for loss of a thumb, index finger, middle finger, fourth finger, little finger, and portions thereof. *See* 77 P.S. §513(9)—(16).

(1974) (nerve condition developed in hand and feeling was lost in middle finger); and *Wall v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 12, 315 A.2d 656 (1974) (remainder of hand suffered loss of bone structure and anatomical disarrangement).

While the Act may foreclose loss of use benefits where the *only* impairment to the arm is the amputation, it does not preclude an award of such benefits based on *additional* impairment. Lykouras introduced evidence of such additional impairment,[5] but the referee rejected it in his Conclusion of Law No. 8 as "irrelevant, . . . since the concept of loss of use if [sic] only an issue in crush or non-amputation type injuries." Under such a reading of Section 306(c)(24), Lykouras would have been permitted to raise the issue of loss of the arm's use if the wounds to it had not required amputation. An analagous interpretation of this section was rejected in *Pater*:

> [P]ermanent loss of the use of an arm, *with or without amputation,* resulting from injuries sustained by a workman shall be the equivalent of the actual loss of the arm. If in the present case there had been no amputation, but the arm had been so crushed as to hang permanently useless at the side of the claimant, could his right to compensation [for loss of his arm] be questioned? (Emphasis added.)

*Id.,* at 246, 106 A. at 202.

Since the referee erred by rejecting evidence relevant to the issue of whether Lykouras had lost the use of his arm "for all practical intents and purposes,"

---

[5] Lykouras testified that he suffers from chronic pain in the remainder of his arm where shotgun pellets had lodged, which, he stated, makes it difficult for him to sleep or use his arm for even limited purposes.

*Curran v. Walter E. Knipe & Sons, Inc.,* 185 Pa. Superior Ct. 540, 546, 138 A.2d 251, 255 (1958), the Board's decision affirming the denial of benefits for loss of the arm's use is reversed. The case is remanded for proceedings not inconsistent with this opinion.

Affirmed in part, reversed in part, and remanded.

### ORDER

The Workmen's Compensation Appeal Board order, No. A-81285, dated April 1, 1982, is hereby affirmed as to the denial of total disability benefits. The order is reversed as to the denial of specific loss-of-arm benefits, and the matter is remanded to the Board for proceedings not inconsistent with this Opinion. Jurisdiction relinquished.