Litton Industries, Petitioner *v.* Workmen's Compensation Appeal Board (Christner), Respondents.

Argued September 14, 1983, before Judges ROGERS, MACPHAIL and BARRY, sitting as a panel of three.

*Frank I. Goldenberg,* with him *Robert H. Griffith, Kagen, Griffith, Strickler, Lerman & Solymos,* for petitioner.

*J. Christian Ness,* with him *Thomas L. Kearney, III,* for respondent, David Christner.

OPINION BY JUDGE ROGERS, October 25, 1983:

This is an employer's appeal from an order of the Workmen's Compensation Appeal Board reversing the order of a referee granting the employer's application for modification of an agreement for compensation.

On September 17, 1977, the claimant suffered compensable work-related injuries resulting in the amputation of portions of the first, second, third and fourth fingers of his right hand.[1]  In January, 1978, he was provided with a notice of compensation payable for total disability, in which his injury was described as "caught 3 fingers in machine."  The parties executed a supplemental agreement dated August 4, 1978, calling for payments of compensation for 335 weeks for "the loss of use of right hand."  In February, 1980, the employer and its insurance carrier filed a petition for modification of the supplemental agreement on the ground that it was materially incorrect because the claimant's injury "did not constitute the loss of the entire hand for all practical purposes."

The supplemental agreement was prepared by the employer or its insurance carrier and sent to the claimant, who was then unrepresented, in July or August, 1978.  On August 4, 1978, the date of the supplemental agreement, the claimant's hand was healed

---

[1] Claimant lost 1.5 centimeters of his index finger, approximately half of his middle finger, slightly less than half of his ring finger and approximately one-third of his little finger.

and all parties were aware that parts of four fingers, not the entire hand, had been amputated. There is no suggestion that the claimant misrepresented the true condition of his hand and there is no evidence that the employer did not fully understand the nature and extent of the injuries to the claimant's hand.

The referee, after hearing, concluded that "claimant has a fifty (50%) per cent disability of his right hand" and modified the supplemental agreement so as to provide for the payment of compensation for a period of 167.5 (instead of 335) weeks "for 1/2 loss of the use of the right hand." The Workmen's Compensation Appeal Board (Board) reversed the referee's order because, *inter alia,* the employer had not shown that the supplemental agreement was incorrect in any material respect. We agree and will affirm the Board's order.

Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §771, gives referees the power to modify agreements for compensation "if it be proved that such . . . agreement was in any material respect incorrect." Modification of a compensation agreement is justified where there is a true mistake of fact or law which renders such agreement materially incorrect, *Turner v. Jones & Laughlin Steel Corp.,* 479 Pa. 618, 389 A.2d 42 (1978), and the burden is on the party seeking modification to prove by evidence reasonably satisfactory that a material mistake of fact or law was made at the time the agreement was entered into. *Fehr v. YMCA, Pottsville,* 201 Pa. Superior Ct. 107, 192 A.2d 143 (1963). This means in this case that the employer had the burden of proving that at the time the supplemental agreement was entered into the claimant had not lost the use of the hand for all practical intents and purposes.

The employer points to the testimony of the claimant's physician, who was the employer's witness, as evidence that the supplemental agreement incorrectly described the injury as the loss of the use of the hand. The doctor testified: "It was my feeling that the patient would have a 50% disability of the right hand" and that "it's my subjective impression, with what he has left, the specific loss of the digits involved, that this would translate into 50%." The physician was not asked whether in his opinion the claimant had lost the use of his hand for all practical intents and purposes.

In *McGartland v. AMPCO-Pittsburgh Corp.*, 489 Pa. 205, 208 n.2, 413 A.2d 1086, 1088 n.2 (1980), the Pennsylvania Supreme Court upheld a referee's decision that the amputation of the index, middle and ring fingers of the claimant's left hand resulted in a loss of the use of the hand, writing:

> It is not necessary that the injured body part be of absolutely no use in order for the injured claimant to qualify for compensation. Rather, the proper test to be applied is whether claimant has suffered the permanent loss of the use of the injured member "for all practical intents and purposes."

In *Gindy Manufacturing Co. v. Workmen's Compensation Appeal Board*, 32 Pa. Commonwealth Ct. 128, 378 A.2d 492 (1977), this Court upheld a referee's finding of the loss of the claimant's hand for all practical intents and purposes although the medical testimony was to the effect that functional loss of use of the claimant's right hand was not more than 55%. There, the claimant's index, middle and ring fingers were amputated midway between the first and second joint. Here there were amputations of parts of four fingers. We wrote in *Gindy*:

> We may agree that [the medical testimony] tends to show that the claimant has not completely lost the use of the hand; but the standard of the law is not complete loss but loss for ''all practical intents and purposes.''

*Id.* 32 Pa. Commonwealth Ct. at 133, 378 A.2d at 405.

In *Reading Tube Corp. v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 45, 315 A.2d 678 (1974), the claimant suffered injuries which required the amputation of his right index finger. We upheld the finding of loss of use of his right hand, writing:

> [I]t is not necessary that the injured member of the claimant be of absolutely no use in order for him to have lost the use of it for all practical intents and purposes.

> There is no doubt that claimant-appellee still has some limited use of his right hand. The record reveals that he is able to pick up with discomfort a few sheets of paper with his right hand and shift gears on an automatic gear shift with the side of his right hand. Claimant-appellee cannot, however, grasp a tool, cannot eat with his right hand, and is in constant pain because of the neuromas. While the compensation authorities might have found that [he] did not lose the use of his hand for all practical intents and purposes, there is substantial evidence to support a finding that he did so lose the use of his hand. . . . (Emphasis deleted.)

*Id.* 12 Pa. Commonwealth Ct. at 47-48, 315 A.2d at 678-79.

Therefore the employer in this case did not prove that the supplemental agreement in describing the claimant's injury as the loss of the use of the hand

84

was incorrect in a material respect by the production of testimony that there was a 50% disability of the hand.

We affirm the order of the Workmen's Compensation Appeal Board.

ORDER

AND Now, this 25th day of October, 1983, the decision of the Workmen's Compensation Appeal Board is hereby affirmed.