United States Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and William J. Airgood, Respondents.

Argued September 14, 1981, before Judges MEN-CER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Louis A. Raimond,* for petitioner.

*John W. McTiernan, McArdle, Caroselli, Spagnoli & Beachler,* for respondent, William J. Airgood.

OPINION BY JUDGE MENCER, November 19, 1981:

United States Steel Corporation has appealed from an order of the Workmen's Compensation Appeal (Board) affirming a referee's decision which granted William J. Airgood (claimant) a suspension of benefits effective December 4, 1976. We affirm.

On November 15, 1979, claimant filed a claim petition requesting a suspension of workmen's compensation benefits for a partial disability not reflected in a loss of earning power. At the hearing before the referee, the parties stipulated that (1) claimant had sustained an injury to his right leg on Deecmber 4,

1976 while in the course of his employment, (2) claimant has lost no compensable time from work, (3) claimant is continuing to undergo medical treatment for his injury, and (4) the statutory medical expenses have been paid for by the employer.

The referee found that "the claimant has an indeterminate degree of partial disability from the injury in that there is an anatomical derangement of the structure of his leg which prevents the leg from performing in its usual and customary fashion." The referee then entered an order suspending benefits since claimant had not yet sustained a compensable loss of earnings due to his injury.

The employer argues that the referee erred by granting claimant a suspension of compensation when he had never been paid benefits pursuant to a compensation agreement, a referee's award of compensation, or a notice of compensation payable. In support of this argument, the employer cites *Montgomery v. Workmen's Compensation Appeal Board,* 42 Pa. Commonwealth Ct. 143, 400 A.2d 253 (1979), where the claimant sought disability benefits for an occupational disease. The referee found that the claimant was partially disabled from pneumoconiosis, even though he could still perform his regular occupation, and granted an order of suspension. This Court affirmed the Board's reversal of the referee on the basis that "there can be no disability as a result of *an occupational disease* until such disability 'manifests itself,' and in turn there can be no manifestation of disability where a claimant would be able to continue at his former position." 42 Pa. Commonwealth Ct. at 145-46, 400 A.2d at 254 (emphasis added). The instant case, however, is distinguishable from *Montgomery* since the claimant here sustained an injury resulting in an observable physical disability, for which he continues to seek medical treatment. By contrast, the claimant in

*Montgomery* allegedly suffered from an occupational disease which arises

> not from an accident or event happening at a precise moment, but from a day to day exposure to unhealthful conditions over an extended period; the exact time of [its] origin is necessarily obscure and [its] insidious progress is not revealed until, frequently after a long interval, the disability which [it] create[s] manifests itself.

*McIntyre v. E. J. Lavino & Co.,* 344 Pa. 163, 165-66, 25 A.2d 163, 164 (1942). Unlike here, the claimant in *Montgomery* was simply unable to establish, given the nature of his disease, that he suffered from a continuing physical disability.

Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772, states, in pertinent part, as follows:

> A referee, designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. . . . And provided further, That where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, un-

less it be shown that the loss in earnings does not result from the disability due to the injury.

In our judgment, the referee made an "award" to claimant by specifically finding that claimant sustained an indeterminate degree of partial disability as a result of the injury to his leg. *Cf. Consolidation Coal Co. v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 412, 391 A.2d 14 (1978) (since the referee found that the claimant had not proven a disability, there was no "award" for the referee to suspend).

The Supreme Court, in *Hinkle v. H. J. Heinz Co.,* 462 Pa. 111, 337 A.2d 907 (1975), recognized that a situation similar to that present in this case might be the basis for a suspension order. In *Hinkle,* the claimant filed a petition with the Board, alleging that he suffered a partial loss of hearing as a result of protracted exposure to noise in the course of his employment. While conceding that he had lost no time from work, the claimant nevertheless contended that he had a right to a compensation award for partial disability and requested that the award be suspended until such time as the disability were reflected in a future loss of earnings. The Supreme Court, in ruling that the claimant had a viable claim, vacated the order dismissing the petition and remanded the matter to the Board for further proceedings.

In addition, the remedial intent of the Act is best served by the above analysis. The purpose of workmen's compensation is to provide benefits to employees who suffer work-related injuries resulting in a loss of earnings. If an employee does not incur an immediate wage loss for an observable physical disability, the protections granted by the Act can only be achieved by issuing a suspension order, which allows the employee up to 500 weeks in which to monitor the course of his disability.

Accordingly, we enter the following

ORDER

AND Now, this 19th day of November, 1981, the order of the Workmen's Compensation Appeal Board, dated October 7, 1980, granting a suspension of compensation to William J. Airgood, is hereby affirmed.