Toni Bush, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Consolidation Coal Co., Respondents.

Argued October 5, 1981, before Judges MENCER, MACPHAIL and PALLADINO, sitting as a panel of three.

*John Daley, Brennan, Robins & Daley,* for petitioner.

*Thomas Reed,* with him *Daniel L. Fassio,* for respondent, Consolidation Coal Company.

OPINION BY JUDGE PALLADINO, December 18, 1981:

This is an appeal by Toni Bush (Petitioner) from an order of the Workmen's Compensation Appeal Board (Board) suspending benefits. We affirm.

Petitioner, a miner trainee for Consolidation Coal Company (Employer) was totally disabled by a back injury at work November 22, 1977. Benefits were paid until Petitioner returned to work at light duty on April 10, 1978. On May 25, 1978, disability benefits resumed. On October 12, 1978, Petitioner was examined by Employer's physician, who recommended a return to work performing only light duties. Employer recalled Petitioner to work as a General Laborer in letters dated November 14 and 16, 1978. Petitioner failed to respond to the recall, and Employer filed a termination petition pursuant to Section 413 of The Pennsylvania Workmen's Compensation Act.[1] Petitioner's answer claimed she was still disabled and unable to return to work.

Employer produced medical testimony showing that Petitioner was no longer totally disabled and was capable of performing light duties. Employer's safety action coordinator testified as to jobs Petitioner could

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772.

perform subject to her light duty restriction and which would entail no reduction in income. Based on this evidence, the referee terminated benefits. The Board took no new evidence and affirmed the referee's findings of fact but modified his order to provide for a suspension rather than a termination of benefits because Petitioner remained partially disabled.

In a proceeding to terminate workmen's compensation benefits "[t]he employer as the moving party has the burden of showing that the claimant's disability has ended or has been reduced and that (1) work is available to the claimant and (2) claimant is capable of doing such work." *Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 509, 512, 422 A.2d 228, 229 (1980). Where the party with the burden of proof prevails before the referee and the Board takes no additional evidence, as in the instant case, this Court's scope of review is limited to determining whether constitutional rights were violated, an error of law was committed or any necessary finding is unsupported by substantial evidence. *Lookout Volunteer Fire Co. v. Workmen's Compensation Appeal Board,* 53 Pa. Commonwealth Ct. 528, 418 A.2d 802 (1980).

Petitioner alleges that the referee's finding of fact that work Petitioner could perform was available, is unsupported by substantial evidence.

The referee is the ultimate finder of fact in workmen's compensation cases where the Board has not taken additional evidence. *Redmond v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 162, 420 A.2d 766 (1980). As such, it is his function, not this Court's, to assess the credibility of witnesses and resolve questions of evidentiary weight. *City of Williamsport v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 618, 423 A.2d 817 (1980). In so doing, he is free to "accept or reject the

testimony of any witness . . . in whole or in part."
*Bowes v. Inter-Community Action, Inc.,* 49 Pa. Commonwealth Ct. 612, 618, 411 A.2d 1279, 1281 (1980).

Petitioner presents a number of reasons why the referee should have rejected the testimony of the safety action coordinator as to the availability of jobs suitable for Petitioner: that he did not testify as to prior experience in vocational rehabilitation, that he never interviewed Petitioner nor was he familiar with her skill levels, and that his testimony was based solely on his review of the deposition of the physician who said Petitioner could do light duty work. These reasons go to the credibility and weight of the evidence presented, a determination which is to be made by the referee and which this Court is not at liberty to reverse. *Cox v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 59, 430 A.2d 1009 (1981).

Accordingly, we enter the following

ORDER

AND Now, December 18, 1981, the order of the Workmen's Compensation Appeal Board, No. A-78939, in the above-captioned matter is affirmed.