107 Pa. Commonwealth Ct. 143 (1987)
528 A.2d 274
Carmen Paliotta General Construction and Federal Insurance Company, Petitioners
v.
Workmen's Compensation Appeal Board (Tribuzio), Respondents.
Adolfo Tribuzio, Petitioner
v.
Workmen's Compensation Appeal Board (Carmen Paliotta General Construction) (Federal Insurance Company), Respondents.
Nos. 3175 C.D. 1985 and 3235 C.D. 1985.
Commonwealth Court of Pennsylvania.
Submitted on briefs on March 24, 1987.
June 26, 1987.
Submitted on briefs on March 24, 1987, to President Judge CRUMLISH, JR., and Judge PALLADINO, and Senior Judge NARICK, sitting as a panel of three.
*144 David M. McCloskey, Will, Keisling, Ganassi & McCloskey, for Carmen Paliotta General Construction and Federal Insurance Company, for petitioner/respondent.
William J. Begley, Cauley, Conflenti & Latella, for Adolpho Tribuzio, for respondent/petitioner.
OPINION BY JUDGE PALLADINO, June 26, 1987:
Adolfo Tribuzio (Claimant) appeals a decision of the Workmen's Compensation Appeal Board which affirmed a referee's determination that his work related disability had ceased on July 19, 1983. In addition, Carmen Paliotta Construction Company (Employer), appeals the Board's modification of the referee's decision from termination to suspension of benefits. For the reasons set forth below, we affirm.
On October 7, 1982, Claimant began receiving benefits for a compensable injury he sustained on September 17, 1982 when a wheelbarrow struck the anterior part of his lower leg, causing an ulcer to form at the trauma-site.
On November 28, 1983, Employer filed a petition for termination averring that Claimant's disability had ceased on September 27, 1983.
*145 At the hearing, both Claimant and Employer presented the depositions and medical reports of their respective examining physicians. Employer's physician, Dr. Robert F. Quinlin, examined Claimant on five separate occasions, the first shortly after Claimant's work injury and the last on July 19, 1983. He testified that Claimant suffered from a pre-existing condition known as chronic venous insufficiency of his lower extremities. This condition essentially means that there is an inadequate return of blood to the heart through the veins. Dr. Quinlin stated that when the wheelbarrow struck Claimant's leg, an ulcer formed at the point of impact causing Claimant's disability, and that due to the venous insufficiency, the ulcer took longer than normal to heal.
Dr. Quinlin further testified that when he examined Claimant in March of 1983, the wound had completely healed. Moreover, when asked whether as of his examination on July 19, 1983, Claimant had recovered from the injuries sustained in the wheelbarrow incident, Dr. Quinlin stated:[1]
I feel that he should return to work. I felt that he was able to return to work based on my physical examination, which failed to uncover any significant findings that ought to keep him away from work. . . . I was concerned about the degree of pain that he was complaining of but could not support that degree of pain based on his physical findings. Based on my examination, I felt that he probably should return to work.
Finally, in a letter dated September 12, 1983,[2] Dr. Quinlin further elaborated on his position regarding Claimant:

*146 We seem to be having difficulty communicating to Mr. Tribuzio that he is going to have to live with his chronic venous insufficiency and the discomforts that go along with this rather significant problem. I do not think it is realistic to think that Mr. Tribuzio will ever be pain-free, but at the same time this should not be a major impediment to his returning to work. . . . Mr. Tribuzio's traumatic injury which occurred almost one year ago now has little to do with his disability.
The referee found that Claimant's disability resulting from the wheelbarrow incident ceased on July 19, 1983 when the ulcer had completely healed and he was able to resume his regular work without a loss of earning power. As a result, the referee terminated benefits. The Board, without taking any additional testimony, adopted the referee's findings regarding the fact that Claimant's disability had ceased. However, because of the evidence "regarding lingering and continuing pain, and regarding future susceptibility to episodes of recurrence of ulceration,"[3] the Board modified the referee's decision to a suspension of benefits rather than termination. Claimant contends that the referee erred as a matter of law in terminating his benefits or that the findings of fact are not supported by substantial evidence. Employer appeals the Board's modification.
In a proceeding to suspend or terminate workmen's compensation benefits, an employer has the burden of showing that the employe's disability has ended or been reduced and that the employe is capable of returning to work. Bush v. Workmen's Compensation Appeal Board, 63 Pa. Commonwealth Ct. 289, 438 A.2d 660 (1981). *147 Thus, the initial issue is whether the testimony of Dr. Quinlin is unequivocal and therefore constitutes substantial evidence to support the referee's determination that Claimant's disability had ceased, such issue being a question of law for review[4] by this Court. Lewis v. Workmen's Compensation Appeal Board, 508 Pa. 360, 498 A.2d 800 (1985).
In the case at bar, the referee found that Claimant's disability stemmed from the ulceration of his leg because of the wheelbarrow incident at work on September 19, 1982 and that the slow healing process of the ulcer resulted from Claimant's pre-existing chronic venous insufficiency. Finally, the referee found that: "All of claimant's disability resulting from said injury terminated on July 19, 1983, when said ulcer completely healed and he was able to resume his regular work without a loss of earning power."[5]
As stated above, Dr. Quinlin testified that as of his examination in March of 1983, the ulcer had completely healed and that when he examined Claimant on July 19, 1983, he could find no medical explanation for Claimant's complaints of pain other than that which goes along with Claimant's venous insufficiency condition. In his opinion, the doctor concluded, Claimant was able to return to his work.
The referee accepted and relied upon Dr. Quinlin's testimony in finding that the Employer had sustained his burden of proof. Such credibility determinations are within the province of the referee. Yockey v. Workmen's Compensation Appeal Board, 79 Pa. Commonwealth Ct. 250, 468 A.2d 1199 (1983). By a reading of the record, *148 it is apparent that Dr. Quinlin's testimony unequivocally establishes that as of July 19, 1983, Claimant's disability resulting from the wheelbarrow incident had ceased.
Claimant asserts that he presented uncontradicted medical testimony that, at some point later than Dr. Quinlin's last examination, his ulcer reopened causing recurrence of his disability. Therefore, Claimant argues, the referee's determination was not supported by substantial evidence. We disagree. The referee, expressly relying on Dr. Quinlin's unequivocal testimony, determined that Claimant's disability had ceased as of July 19, 1983, the date of Dr. Quinlin's last examination. Thus, the fact that Claimant may have suffered a later recurrence of his disability has no bearing on the referee's conclusion that Claimant's disability had ceased as of that date.
This brings us to Employer's cross appeal. The Board, upon review of the referee's decision, concluded that Dr. Quinlin's testimony established that episodes of recurring ulceration were likely. Therefore, the Board modified the referee's determination from termination of benefits to suspension. Employer contends that the Board's modification constitutes reversible error.
Review of Employer's contention requires a two-pronged analysis. The first issue is whether the Board has authority to issue its modification; the second is whether, as a matter of law, the Board properly decided to suspend rather than terminate Claimant's benefits.
Section 424 of the Act, 77 P.S. §855 requires the Board to grant a hearing whenever an appeal shall be based upon an alleged error of law. This section then states: "As soon as may be after such hearing, the board shall either sustain or reverse the referee's award or disallowance of compensation, or make such modification *149 thereof as it shall deem proper." 77 P.S. §855 (emphasis added).
While findings of fact and credibility determinations are entirely within the province of the referee,[6] Section 424 demonstrates the clear intent of the legislature to vest in the Board the final authority to make conclusions of law which are then subject to appeal to this court. Whether the facts found by a referee are sufficient to establish that the Employer has met his burden of proof in a termination or suspension proceeding are conclusions of law. Thus the Board is acting within its statutory authority in modifying a referee's decision regarding termination or suspension of benefits.
Having concluded that the Board has authority to modify a referee's conclusions of law, we must now determine whether the Board properly held that, based on the factual determinations of the referee, Claimant's benefits should be suspended rather than terminated.
The Pennsylvania Workmen's Compensation Act does not specifically define the alternative criteria necessary to establish grounds for termination vis-a-vis suspension of benefits. However, Section 413 of the Act, as amended, 77 P.S. §772 states:
A referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department, upon proof that the disability of an injured employe has increased, decreased, *150 recurred, or has temporarily or finally ceased, or that the status of any dependent has changed.. . . (Emphasis added.)
It seems clear that, as a matter of statutory construction, a referee's award may be modified by proof of increased or decreased disability, reinstated by proof of recurrence, or, more significantly, suspended or terminated depending on proof of temporary or final cessation of the compensable disability. Therefore, whether or not a claimant's disability benefits are to be terminated or suspended upon proof by the party filing a petition under Section 413 depends upon whether the facts as determined by the referee establish that the disability has temporarily or permanently ceased.
In the case at bar, the referee expressly stated that the Employer's medical evidence (Dr. Quinlin's testimony) was accepted and relied upon in finding that Claimant's disability had ceased. The Board relied on Dr. Quinlin's testimony in concluding that the referee should have awarded suspension rather than termination. Since Dr. Quinlin's testimony evidences the likelihood of future susceptibility to recurrence of ulceration (bolstered by the uncontradicted testimony of Claimant's physician that the ulcer had, in fact, reopened), we conclude that the Board was correct in its determination that the cessation of Claimant's disability warranted suspension of benefits rather than termination. This conclusion best serves the remedial intent of the Act. As we stated in United States Steel Corporation v. Workmen's Compensation Appeal Board (Airgood), 62 Pa. Commonwealth Ct. 502, 506, 437 A.2d 92, 94 (1981):
The purpose of workmen's compensation is to provide benefits to employees who suffer work-related injuries resulting in a loss of earnings. If an employee does not incur an immediate wage *151 loss for an observable physical disability, the protections granted by the Act can only be achieved by issuing a suspension order, which allows the employee up to 500 weeks in which to monitor the course of his disability.
Accordingly, the decision of the Board is affirmed.

ORDER
AND NOW, June 26, 1987, the decision of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.
NOTES
[1] Deposition of Robert F. Quinlin, M.D. at 11-12, R.R. at 76a-77a.
[2] Letter of Robert F. Quinlin, M.D. to Palma Kokowski, R.N. of Champion Claim Service dated September 12, 1983, R.R. at 101a-102a.
[3] Opinion of the Workmen's Compensation Appeal Board, R.R. at 194a.
[4] Our scope of review is whether there has been a violation of constitutional right, error of law, or whether necessary facts are supported by substantial evidence. Estate of McGovern v. State Employees' Retirement Board, 512 Pa. 377, 517 A.2d 523 (1986).
[5] Referee's finding of fact # 7, R.R. at 181a.
[6] By Amendment in 1972, the Pennsylvania Legislature placed the role of factfinder and arbiter of credibility exclusively on the referee and not the Board. See Peak v. Unemployment Compensation Board of Review, 509 Pa. 267, 501 A.2d 1383 (1985); Universal Cyclops Steel Corporation v. Workmen's Compensation Appeal Board (Krawczynski), 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1983).