634 A.2d 841

**Joseph CANESTRALE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (WHEELING PITTSBURGH STEEL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 20, 1992.

Decided Dec. 2, 1993.

362

Daniel K. Bricmont, for petitioner.

No appearance for respondent.

Before DOYLE, PELLEGRINI and FRIEDMAN, Judges.

DOYLE, Judge.

This is an appeal by Joseph Canestrale (Claimant) from an order of The Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision dismissing Claimant's petition under The Pennsylvania Workmen's Compensation Act (Act).[1]

The relevant facts are as follows. On March 9, 1989, Claimant, an electric motor inspector, filed a claim petition alleging disability caused when he fell and struck his low back and hip on a motor while in the course of his employment with Wheeling Pittsburgh Steel (Employer). Claimant alleged an injury date of March 15, 1986. Employer denied all of the allegations contained in Claimant's petition. Before the referee, Claimant presented his own testimony as well as the deposition testimony of his treating physician, Dr. Alvaro N.

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

Changco. Employer countered with the deposition testimony of Dr. Paul L. Richter.

On February 25, 1991, the referee denied Claimant's claim petition and made the following relevant findings of fact and conclusions of law.

## FINDINGS OF FACT

*SIXTH* : On March 15, 1986, the claimant slipped and fell from a rail and struck his back on a motor.

*SEVENTH* : The claimant reported the injury to the plant dispensary that night and to his supervisor the next day.

*EIGHTH* : The claimant was seen at the dispensary and treated for a time period by Dr. Changco who prescribed medication. Since the date of the injury, the claimant has been treated by various physicians who have prescribed medications and/or physical therapy.

*NINTH* : The claimant continued to work until June 29, 1986, when he was laid off when the plant closed. *The claimant testified* that he never did his full duties after the injury.

*TENTH* : The claimant worked for Frank Irey Construction beginning August 18, 1988, for a period of fourteen weeks as a group leader. Claimant's average weekly wage was $705.70. *Claimant testified* that he did not perform any lifting in this position.

*ELEVENTH* : In November, the claimant worked three days for a temporary service performing maintenance work such as replacing light bulbs and floor tiles. His average weekly wage was $245.43. *The claimant testified* he discontinued the work due to the pain.

*TWELFTH: This Referee finds,* based on the credible opinions of both Dr. Changco and Dr. Richter, *that the claimant has failed to establish that he was disabled due to the injury he sustained on March 15, 1986.* Although Dr. Changco diagnosed acute lumbosacral strain due to the March 15, 1986, injury, Dr. Changco noted no findings in his March 29, 1986, examination which would indicate that the

claimant was disabled from his job. Dr. Richter rendered no opinion about the claimant's disability prior to the date of his examination. However, Dr. Richter found the claimant fully recovered from the March 15, 1986, injury as of June 4, 1990, when he examined the claimant.

## CONCLUSIONS OF LAW

*FIRST* : The claimant failed to establish that he suffered any disability as a result of the injury he sustained on March 15, 1986. Therefore, the Claim Petition is dismissed. (Emphasis added.)

Claimant appealed to the Board which affirmed the referee's order.[2] Appeal to this Court followed.

On appeal, Claimant argues that the referee and the Board erred as a matter of law by "failing to award a suspension of benefits where the claimant has suffered from a work-related injury and an undetermined degree of partial disability, but [which] has not yet manifested [itself in] a loss of earning power," relying for authority upon *United States Steel Corp. v. Workmen's Compensation Appeal Board (Airgood)*, 62 Pa.Commonwealth Ct. 502, 437 A.2d 92 (1981). Although Claimant's claim petition alleges that he was disabled "from June 29, 1986 to present," Claimant now requests that we reverse the Board and enter an order suspending Claimant's compensation benefits effective March 15, 1986 only.

 We conclude that neither the referee nor the Board erred in failing to order a suspension of benefits because Claimant failed to show that he suffered any loss of earning

2. The Board concluded that:

The record indicates that Claimant slipped and fell at work on March 16, 1986, [sic] but he did not miss any work. There was never any disability due to the loss of earning power. Claimant is independently entitled to all reasonable and necessary medical expenses and there is no allegation that these were not paid. We believe that the Referee properly concluded that where Claimant fails to establish any loss of earning power associated with his injury, he necessarily has not proven a 'disability' from which he should have been entitled to a suspension.

Board's Opinion at 2.

power from either a total or a partial disability. Furthermore, although a suspension of benefits is the appropriate remedy where a medical disability exists but does not manifest itself in any loss of earning power, *Hawkins v. Workmen's Compensation Appeal Board (Medical College of Pennsylvania)*, 138 Pa.Commonwealth Ct. 180, 587 A.2d 387 (1991); *Sule v. Workmen's Compensation Appeal Board (Kraft, Inc. and Ideal Mutual Insurance Co.)*, 121 Pa.Commonwealth Ct. 242, 550 A.2d 847 (1988), *petition for allowance of appeal denied,* 522 Pa. 608, 562 A.2d 829 (1989), "[a] suspension is an acknowledgement that *some* medical disability still exists and that benefits are suspended only because a claimant has returned to employment with wages that are at least as much as his/her pre-injury wages." *USX Corp. v. Workmen's Compensation Appeal Board (Guthrie)*, 132 Pa.Commonwealth Ct. 54, 58, 571 A.2d 1112, 1114 (1990) (emphasis added).

■ In the case *sub judice,* Claimant was injured at work on March 15, 1986, was given medication and was also treated by physical therapy. However, Claimant never missed any work because of the injury. The referee found that Claimant had fully recovered from the March 15, 1986 injury and thus found that Claimant had failed to establish that he suffered any disability within the meaning of the Workmen's Compensation Act. We find that there was substantial evidence to support the referee's findings and because Claimant failed to establish *some* loss of earning power associated with his injury, or an injury resulting in an observable physical disability, he is not entitled to a suspension. Succinctly stated, there is nothing to suspend.

Claimant asserts in his brief, under the "Statement of the Case," that the referee *found* that he "never did return to his full duties after the injury (Finding No. 9) [and] [f]inally the Referee also noted that Claimant's subsequent attempts to return to work were limited by his back pain. (Findings No. 10, 11)." (Claimant's Brief at 6.) We point out that the referee never made such findings; he did not *find* that Claimant did not return to his full duties with Employer, nor did the referee find that on subsequent occasions Claimant's

attempts to return to work were limited by his back pain. What the referee actually wrote was only that the Claimant so *testified.*[3]

Further, Claimant's reliance on *Airgood* is misplaced. In *Airgood,* the claimant filed a claim petition requesting a suspension of benefits for a partial disability not reflected in a loss of earning power. The referee found that "the claimant has an indeterminate degree of partial disability from the injury in that there is an anatomical derangement of the structure of his leg which prevents the leg from performing in its usual and customary fashion." *Airgood,* 62 Pa.Commonwealth Ct. at 504, 437 A.2d at 93. The referee entered an order suspending benefits since the claimant had not yet sustained a compensable loss of earnings due to his injury. This Court affirmed because the claimant had "sustained an injury resulting in an observable physical disability, for which he continues to seek medical treatment." *Id.* at 504, 437 A.2d at 93.

*Airgood* is distinguishable from the facts in the present case at the outset, because here Claimant's claim petition asked, not for a suspension order, but for benefits because of Claimant's *disability* from June 29, 1986, the date Claimant retired. Second, on appeal to the Board from the referee's dismissal of his claim petition, Claimant, relying now on *Airgood,* argued for a suspension because "the Claimant may well develop actual disability as defined by loss of earning power *which he has yet to manifest.*" If a suspension is warranted, it properly should be entered as of the date Claimant retired, *i.e.,* June

**3.** We feel obliged to comment that we look with great disfavor upon such a practice where facts are so critically important. Because the Claimant also testified that when Employer's plant shut down on June 30, 1986, he "took a buy out" retirement rather than being laid off (R.R. 20(a), 34–35(a), 45–56(a)), the state of Claimant's physical condition and his ability to perform his job at that time are of critical importance. A mere recitation of what the parties offered in testimony, without making the decisive choice between the two, unnecessarily obscures the issue and clouds the decision. We would urge referees, who are given the authority and have the responsibility to make critical choices on credibility, to be clear and explicit with their findings differentiating between what the parties offer via testimony and what they, as referees, find as fact.

29, 1986, and, of course, benefits would accrue from that time (and employer would have to show work availability to prevail). But, in order to have a suspension there must first be something to suspend, that is, either a notice of compensation payable or an award acknowledging a partial disability, and that is absent in this case.

Under a suspension order, it is the right to compensation benefits that is suspended because the claimant, although disabled, is gainfully employed and earning at least the equivalent of his time of injury wage. It is, of course, not every minor injury which a claimant suffers that will form the basis upon which a suspension order may be entered. Even injuries which are of some consequence may not be the basis upon which a suspension may rest if the claimant has fully recovered, as the referee found was the fact in this case. On the other hand, claimants, of course, are entitled to receive medical care and treatment "as and when needed" under Section 306(f) of the Act, 77 P.S. § 531, independent of a finding of either partial or total disability under Sections 306(a) and 306(b) of the Act, 77 P.S. §§ 511, 512. A claimant is not required to show that an injury resulted in a loss of earnings, and suffer a disability, to permit receipt of reimbursement for medical expenses. *Odd Fellow's Home of Pennsylvania v. Workmen's Compensation Board of Review (Cook)*, 144 Pa.Commonwealth Ct. 280, 601 A.2d 465 (1991). But as Judge Mencer cogently observed in *Airgood*, in affirming the referee's decision, and distinguishing *Consolidation Coal Co. v. Workmen's Compensation Appeal Board*, 37 Pa.Commonwealth Ct. 412, 391 A.2d 14 (1978): [4]

In our judgment, the referee made an 'award' to claimant by specifically finding that claimant sustained an indeterminate degree of *partial disability* as a result of the injury to his

4. We note that Judge Mencer observed in *Consolidation Coal Co.* that, "[o]ur review of this decision has been complicated by the imprecise language of the referee's conclusions of law, and it is difficult to determine whether or not an 'award' was actually made to the claimant." *Consolidation Coal Co.,* 37 Pa.Commonwealth Ct. at 425, 391 A.2d at 16; *see supra* note 3. Things have not changed much in fifteen years!

leg. *Cf. [Consolidation Coal Co.]* ([where] the referee found that the claimant had not proven a disability, there was no 'award' for the referee to suspend).

*Airgood,* 62 Pa.Commonwealth Ct. at 506, 437 A.2d at 94. (Emphasis added.)

■ Claimant argues that the referee should have concluded that he, like the claimant in *Airgood,* sustained an injury resulting in an indeterminate degree of partial disability.[5] However, the referee explicitly concluded that Claimant did not suffer from *any* disability. *See* Referee's Conclusions of Law No. 1. As this Court stated in *Corden v. Workmen's Compensation Appeal Board (Latrobe Steel Co.),* 141 Pa.Commonwealth Ct. 207, 595 A.2d 674, *petition for allowance of appeal denied,* 529 Pa. 642, 600 A.2d 1260 (1991):

We find the claimant's reliance on [*Airgood*] to be misplaced. In that case, although we upheld the granting of a suspension order, we did so only because we determined that the referee had made an "award" to the claimant by specifically finding that the claimant had sustained an indeterminate degree of partial disability as a result of an injury to his leg. Here, we can find nothing in the referee's decision that constitutes an 'award' to the claimant. Therefore, we hold that regardless of whether a suspension of compensation is sought in an occupational disease case or an injury case, Section 413[6] of the Act still requires the preexistence of an 'agreement' or 'award' which can be suspended.

5. As support for this assertion Claimant relies upon the testimony of Dr. Changco who adopted a "wait and see" position regarding Claimant's ultimate physical status. This argument, of course, goes to the credibility of the witness and the weight of the testimony; and the referee chose not to accept Dr. Changco's "wait and see" position. Reviewing the referee's findings of fact, we would have to conclude, logically, that the referee accepted Dr. Changco's testimony only to the extent that it demonstrated that at the March 19, 1986 examination (four days after Claimant's injury) Dr. Changco noted no findings that indicated that Claimant was disabled. Referee's Finding of Fact No. 12.

6. 77 P.S. § 772.

*Id.* 141 Pa.Commonwealth Ct. at 211, 595 A.2d at 676–77 (citation omitted).

Accordingly, the order of the Board is affirmed.[7]

## ORDER

NOW, December 2, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

PELLEGRINI, J., concurs in the result only.

---

**7.** Because we conclude that no suspension is warranted, Claimant's second claim, for his costs of litigation, accordingly must fail.