Ernest Montgomery, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Colt Industries, Respondents.

Argued March 8, 1979, before Judges WILKINSON, JR., MENCER and DISALLE, sitting as a panel of three.

*Edwin H. Beachler,* with him *William R. Caroselli,* and *McArdle, Caroselli, Spagnolli & Beachler,* for petitioner.

*Joseph A. Fricker, Jr.,* for respondents.

OPINION BY JUDGE WILKINSON, JR., April 20, 1979:

This is an appeal from an order of the Workmen's Compensation Appeal Board (Board) reversing a referee's decision in which the claim petition filed by petitioner (claimant) was denied but an order of suspension of compensation was entered along with reasonable costs of prosecution to claimant. We affirm.

Claimant's exposure, over the course of more than 20 years, to a silica hazard while working in employer's steel furnaces as a bricklayer's helper and ladel liner is undisputed. At no time was claimant informed by a physician that he suffered any disability as a result of his exposure to such dust.

It is further undisputed that claimant is totally disabled as a result of heart disease. A diagnosis of arteriosclerotic heart disease and coronary insufficiency was made in September 1973 when claimant consulted a physician in response to chest pains. Between September 18, 1973 and February 10, 1974 claimant was disabled by and received sick and accident benefits from employer for his heart disease. Although claimant returned to his former position on February 11, 1974, he remained there for less than two months. The referee found that claimant was "totally and permanently disabled as a result of heart diseases" on April 9, 1974.

On February 27, 1976, claimant filed a claim petition alleging disability as a result of silicosis pursuant

to Section 108(q) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. §27.1(q).

The dispute in this case focuses on the referee's finding of fact no. 25 which reads:

> In addition to his heart diseases which render him totally and permanently disabled, your Referee finds that, on September 19, 1975, the claimant suffered partial or residual disability as a result of pneumoconiosis, namely: silicosis which would not in and of itself disable him from performing his former occupation as a ladel liner, and that said disease resulted from his total and cumulative exposure to the hazard of silica during his employment in the bricklaying department for the defendant from 1950 through April 8, 1974, inclusive.

The Board in reversing the referee found this finding of fact to be inconsistent, "[t]he inconsistency is that the referee says claimant is disabled, but that he is not disabled." We agree.

It is important, we think, to keep in mind that, by their nature occupational diseases—

> arise, not from an accident or event happening at a precise moment, but from a day by day exposure to unhealthful conditions over an extended period; the exact time of their origin is necessarily obscure and their insidious progress is not revealed until, frequently after a long interval, the disability which they create manifests itself.

*McIntyre v. E. J. Lavino & Co.,* 344 Pa. 163, 165-66, 25 A.2d 163, 164 (1942). Necessarily then, there can be no disability as a result of an occupational disease until such disability "manifests itself," and in turn there

146

can be no manifestation of disability where a claimant would be able to continue at his former position. Thus, the referee's legal conclusion that "the claimant suffered partial or residual disability" is negated by the factual finding that the supposedly disabling disease in fact "would not in and of itself disable him from performing his former occupation as a ladel liner. . . ."

The referee further erred in ordering suspension of compensation where no disability has been established. The language of Section 413 of the Act, 77 P.S. §772, governing suspension of compensation, unmistakably requires the pre-existence of something, *i.e.,* an agreement or award of compensation, which can be *suspended.* Section 413 was certainly not intended to provide an additional vehicle for the initial determination of disability. As Judge BLATT writing for this Court in *Consolidation Coal Co. v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 412, 415, 391 A.2d 14, 16 (1978) stated, "Total and partial disability [Section 306(a) of the Act, 77 P.S. §511 and Section 306(b), 77 P.S. §512 respectively] are the only forms of compensable disability recognized by the Act. . . ."

Finally, since we have found that there was in fact no disability established, Section 440 of the Act, added by Section 3 of the Act of February 8, 1972, *as amended,* 77 P.S. §996 makes it too clear to require further comment that the referee's award of reasonable costs of prosecution was likewise erroneous.

Accordingly, we will enter the following

ORDER

AND Now, April 20, 1979, the order of the Workmen's Compensation Appeal Board, dated April 27, 1978 at Docket No. A-73594 dismissing claimant, Ernest Montgomery's claim petition is hereby affirmed.