533 A.2d 188

Babcock & Wilcox and Pacific Employers Insurance Company, Petitioners *v.* Workmen's Compensation Appeal Board (Rollins), Respondents.

Argued October 8, 1987, before Judges BARRY and COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Ronald Ganassi, Will, Keisling, Ganassi & McCloskey,* for petitioners.

*Samuel S. Blaufeld,* with him, *Pamela M. Schiller,* for respondent, Robert Rollins.

OPINION BY SENIOR JUDGE NARICK, November 9, 1987:

Babcock & Wilcox (Employer) and the Pacific Employers Insurance Company appeal from an order of the Workmen's Compensation Appeal Board (Board) granting workmen's compensation to Robert Rollins (Claimant) for the specific loss of his hearing.

The referee found that Claimant was employed by Employer from August 31, 1956 through March 30, 1984 as a millwright welder and subsequently as a millwright welder leader. During the course of his employment, Claimant was exposed to loud noises of varying intensity. The referee awarded specific loss compensation on the basis of Claimant's expert medical testimony, which the referee specifically found to be convincing, competent and credible.

Our scope of review is limited to a determination of whether the Board committed an error of law and whether the findings of fact are supported by substantial evidence in the record. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

This Court has held that a Claimant must demonstrate that he suffered a complete loss of hearing for all practical intents and purposes to establish a specific loss of hearing. *See, e.g., Pare v. Workmen's Compensation Appeal Board (Fred S. James & Co. of Pennsylvania),* 97 Pa. Commonwealth Ct. 435, 509 A.2d 1361 (1986).

The referee specifically found that as a result of his exposure to loud noises in the course of his employment, the Claimant sustained injuries to both ears and, as a result of said injuries, he could no longer utilize his sense of hearing in the manner in which nature intended, and that he has lost the use of hearing in both ears for all practical intents and purposes. These findings are amply supported by the testimony of Claimant's physician, Dr. Forman, who specifically stated that Claimant's hearing had been lost for all practical intents and purposes.

Employer argues that the referee applied an incorrect standard in determining that Claimant had lost the use of his hearing because he found that the Claimant could not use his hearing in the manner nature intended. We did specifically reject that test in *Babcock & Wilcox v. Workmen's Compensation Appeal Board (Marshall),* 97 Pa. Commonwealth Ct. 45, 508 A.2d 1303 (1986). However, in *Marshall,* we remanded for additional findings because the referee and Board determined that a "complete loss of hearing [could] be established by evidence sufficient to satisfy the fact finder *either* that the Claimant has lost his hearing for all practical intents and purposes *or* that the Claimant cannot

use his ears in the manner nature intended." *Marshall*, 97 Pa. Commonwealth Ct. at 47, 508 A.2d at 1304-1305 (emphasis in original). Such is not the case here, where, although the referee referred to a test we specifically disapproved over one year later in *Marshall*, he also applied the proper test of whether Claimant had lost the use of his hearing "for all practical intents and purposes." Further, there is no indication in his findings that he considered the tests in the alternative. Because the proper standard was utilized, albeit in conjunction with an incorrect one, it is unnecessary to remand. *See also, Babcock & Wilcox v. Workmen's Compensation Appeal Board (Phillips)*, 105 Pa. Commonwealth Ct. 539, 524 A.2d 1080 (1987), wherein this Court overlooked similar language in the referee's findings, where the proper test was used as well.

The Employer further asserts that the referee's findings must be disregarded because he did not find, nor did Claimant's physician state, that Claimant had a "complete" loss of hearing for all practical intents and purposes.

Our Supreme Court addressed the definition of "complete loss of hearing" within the meaning of Section 306(c)(8) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §513(8) in *Workmen's Compensation Appeal Board v. Hartlieb*, 465 Pa. 249, 348 A.2d 746 (1975). Therein the Court determined that a claimant has suffered a " 'complete loss of hearing' when the loss is complete 'for all practical intents and purposes.' " *Hartlieb*, 465 Pa. at 256, 348 A.2d at 749-750. The Court rejected a literal interpretation of the statutory language in favor of the practical test outlined by the Supreme Court of Rhode Island in *Pilkanis v. Leesona Corp.*, 101 R.I. 494, 224 A.2d 893 (1966):

'If the words, however, are taken relatively rather than absolutely, and in the light of every-

day experiences, rather than from the viewpoint of a literal clinician, then this precise means of measuring the extent of a hearing loss in percentiles becomes unacceptable. In this relative context a person, even though he is able to hear loud, pure tones, is completely bereft of his hearing if he is unable to communicate with his fellow man and is denied those other practical and useful benefits generally associated with man's usual and customary wants, needs and pleasures.'

*Hartlieb,* 465 Pa. at 255, 348 A.2d at 749.

In *Phillips,* this Court was faced with a case very similar to the one before us. In that case, as here, Dr. Forman testified that the claimant had "lost the use of hearing in both ears for all practical intents and purposes." We affirmed the grant of benefits to that claimant, recognizing that the doctor's interpretation of "complete loss of hearing" was consistent with the approach of our Supreme Court in *Hartlieb.* There, as here, the physician did not exactly parrot the *Hartlieb* language in stating that claimant had suffered a "complete" loss of hearing for all practical intents and purposes. Employer's argument that benefits should be denied on that basis completely overlooks the import of *Hartlieb,* which was to define "complete loss of hearing" in a non-literal sense.

The order of the Board is affirmed.

## ORDER

AND NOW, this 9th day of November, 1987, the Order of the Workmen's Compensation Appeal Board, dated November 14, 1986, is affirmed.