536 A.2d 519

Cooper Energy Services, Petitioner v. Workmen's Compensation Appeal Board (Toth), Respondents.

Argued October 8, 1987, before Judges BARRY and COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Carl J. Smith, Jr.,* with him, *Daniel J. Iler, Ceisler, Richman, Sweet,* for petitioner.

*Samuel S. Blaufeld,* with him, *Pamela M. Schiller,* for respondent.

OPINION BY JUDGE BARRY, January 28, 1988:

Petitioner, Cooper Energy Services (employer), appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a decision of a referee awarding benefits to the claimant, Alex Toth, for the loss of use of hearing in both ears for all practical intents and purposes.

The claimant had worked for the employer from 1951 until his retirement on December 31, 1981. On March 9, 1984, the claimant filed a claim petition alleg-

ing that he had suffered the loss of use of hearing in both ears and that the loss was work related. At the hearing before the referee, the claimant testified concerning his hearing loss. Based upon this testimony, the referee found:

> that the claimant's hearing impairment gradually progressed to the point that he cannot hear the television without turning the amplification up to the point where it disturbs other members of the household, he cannot hear his wife speak to him if he is in another room, he cannot hear the telephone ring if he is in another room and he cannot hear what is being said to him in social situations where there is background noise unless he has direct eye contact with the person speaking to him and that person is within a few feet of him. In essence, he cannot carry on a conversation with another person unless it is on a face-to-face basis in a relatively quiet environment and that person is speaking at a relatively loud level.

(Finding of fact # 4, referee's decision, January 9, 1985).

Both the claimant and the employer presented testimony from medical experts. Dr. Stephen Froman, for the claimant, opined that claimant's hearing loss was the result of exposure to loud noises at work. He further stated his belief that claimant had lost the use of his hearing in both ears for all practical intents and purposes. Dr. Ralph Caparosa, for the employer, testified that while claimant did have a hearing impairment, he did not lose his hearing for all practical intents and purposes. Dr. Caparosa agreed with Dr. Froman that the loss was the result of noise exposure at work. The referee found "[t]hat the testimony and opinions rendered by Dr. Froman are convincing, competent and credible and will be relied on in reaching a final determination

in this case." (Finding of fact # 8). The referee awarded benefits, concluding that claimant had suffered a compensable loss of hearing. The Board affirmed and this appeal followed.

The employer first argues that the referee erred when he failed to give his reasons for finding the testimony of claimant's doctor more credible. In *City of Hazleton v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 477, 386 A.2d 1067 (1978), we held that a referee is not required to give reasons for finding one opinion more credible than another. The employer attempts to distinguish this case, arguing that it was decided before the Legislature passed 2 Pa. C. S. §704. However, the standard of review contained in the Administrative Agency Law, enacted and effective in 1978, is no different from the standard of review we used in *City of Hazleton.*[1] The employer's first argument is therefore without merit.

The employer next argues that the referee's factual findings are not supported by substantial evidence. Specifically, the employer argues that Dr. Froman's opinion concerning claimant's hearing loss is based on the claimant's own account of how his diminished hearing ability causes problems in his daily life. Although the employer here is not explicit on this point, we believe the employer's chief complaint is that the medical expert made credibility determinations concerning the claimant's complaints when that function should rest with the referee. For the following reasons, we find the employer's argument to have no merit.

---

[1] As we stated in *City of Hazleton,* "It is settled beyond question that the scope of review of this Court in workmen's compensation cases is limited to a determination of whether the necessary findings of the referee are unsupported by substantial evidence, an error of law has been committed, or constitutional rights have been violated." *Id.* at 484, 386 A.2d at 1070.

The Supreme Court recognized over a decade ago that one need not "stand beside the mouth of an erupting cannon and hear absolutely nothing in either ear before his hearing loss could be described as complete." *Workmen's Compensation Appeal Board v. Hartlieb,* 465 Pa. 249, 255, 348 A.2d 746, 749 (1975). Except on those hearing loss cases where a claimant could not hear the "erupting cannon", the medical expert's opinion that one has lost the use of his hearing for all intents and purposes must be based on the claimant's description of how the hearing loss affects his day to day life.[2]

In *Babcock* & *Wilcox,* we recognized that a medical expert opining on the question of complete hearing loss necessarily must rely on subjective criteria, *i.e.,* the claimant's description of his hearing difficulties. Therefore, the testifying medical expert must assume the claimant's complaints to be accurate before that expert can offer an opinion. In essence, the doctor is opining that the claimant has suffered a compensable hearing loss because he believes the claimant's description of his hearing problems. The medical expert, however, is not invading the province of the factfinder. The referee cannot find that a compensable hearing loss has occurred *until he or she specifically finds the claimant's testimony concerning his hearing problems to be credible.*[3]

_____

[2] We have rejected arguments that objective methods of measuring hearing loss as published by the American Academy of Ophthalmology and Otolaryngology are conclusive on the question of hearing loss. *Babcock* & *Wilcox v. Workmen's Compensation Appeal Board (Phillips),* 105 Pa. Commonwealth Ct. 539, 524 A.2d 1080 (1987) (upholding an award for hearing loss where those objective standards showed loss of sixteen percent).

[3] In Pennsylvania, we recognize the exception to the hearsay rule that a doctor who treats a patient may testify concerning the patient's symptoms, feelings and conditions. *Cody v. S.K.F. Industries, Inc.,* 447 Pa. 558, 291 A.2d 772 (1972). Therefore, a treating

In this case, Dr. Froman testified that the hearing

In this case, Dr. Froman testified that the hearing loss was work related. He also testified that the loss was irreversible. The claimant then testified concerning the effect of the hearing loss in his day to day life. This testimony reflected the same description that claimant gave to Dr. Froman and which Dr. Froman assumed to be true in forming his opinion. The referee found this testimony credible as shown by his fourth factual finding. Dr. Froman's opinion testimony was thus substantial evidence to support the referee's factual finding that the claimant suffered the loss of use of hearing in both ears for all practical intents and purposes.[4]

Affirmed.

## ORDER

NOW, January 28, 1988, the order of the Workmen's Compensation Appeal Board, dated October 10, 1986, at No. A-89662 is affirmed.

---

physician, as opposed to one consulted only for the purpose of being a witness in court, could testify concerning the claimant's subjective complaints and that testimony alone could be substantial evidence to support necessary factual findings if believed by a referee.

[4] The employer argues that claimant's testimony must be disregarded because he was able to answer questions at the hearing without the use of a hearing aid. We specifically rejected the same argument in *Latrobe Steel v. Workmen's Compensation Appeal Board*, 79 Pa. Commonwealth Ct. 203, 468 A.2d 1168 (1983).