538 A.2d 1382

Robert E. Cress, Petitioner *v.* Workmen's Compensation Appeal Board (Tri-State Envelope Company) (Greater New York Mutual Insurance Company), Respondents.

Argued November 19, 1987, before Judges DOYLE, BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Helen M. Koschoff*, for petitioner.

*Alan P. Schoen*, with him, *James E. Pocius, Lenahan & Dempsey*, for respondent, Tri-State Envelope Company.

OPINION BY JUDGE BARRY, March 11, 1988:

Robert E. Cress, the claimant, appeals an order of the Workmen's Compensation Appeal Board (Board) which reversed a referee's decision awarding the claimant benefits for the loss of use of his hand.

While working for Tri-State Envelope Company, the claimant, on February 16, 1981, suffered a crushing injury to his right hand when it was caught in a machine. Claimant's hand and forearm were placed in a cast. Claimant received benefits for total disability pursuant to a notice of compensation payable from the date of the injury until he returned to work on May 8, 1981. Because of continuing pain, claimant had surgery performed on his right wrist on July 23, 1981. Claimant again collected benefits from July 22, 1981 until December 7, 1981 when he again returned to work.

On September 11, 1982, the claimant filed a claim petition alleging that he had lost the use of his right hand for all practical intents and purposes and sought the benefits provided for in Section 306(c) of The Pennsylvania Workmen's Compensation Act, Act of July 2, 1915, P.L. 736, *as amended,* 77 P.S. §513. Following hearings, the referee found that claimant had sustained

the loss of use of his right hand and awarded benefits. The employer appealed to the Board which reversed, holding that the claimant had failed to present evidence which supported the referee's finding concerning specific loss of use of the right hand. This appeal by the claimant followed.

Our scope of review is limited to determining whether one's constitutional rights were violated, whether an error of law was committed or whether the referee's necessary factual findings were supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). As already mentioned, the Board concluded that the referee's factual finding concerning the specific loss of use of the hand was not supported by substantial evidence. Claimant now contends that this conclusion of the Board is erroneous.

At one of the hearings, the claimant testified about his hand and the limitations concerning its use. Based on this testimony, the referee made the following findings:

12. The Claimant testified that he has difficulty performing his job at work and has to utilize his left hand to perform various functions. The Claimant continues to suffer from a toothache-type thumping pain in his right hand. The Claimant testified that he cannot lift with his right hand, has difficulty opening a car door with his right hand, that he cannot use a power tool such as a drill with his right hand, that he cannot cut meat with his right hand, and that he has difficulty tying his shoes and buttoning buttons with his right hand.

13. Your referee has personally viewed the claimant's right wrist and hand, and finds his tes-

timony credible regarding his limitations and complaints.

(Referee's decision, 1/15/86).

The claimant also presented the medical testimony of Dr. David Bush, a board certified orthopedic surgeon who performed the July 23, 1981 surgery. Dr. Bush testified that the claimant's grip strength in his right hand was approximately one-half of the grip strength in the left hand. He also testified that claimant had lost one-half of motion in the right wrist and hand when compared to the left wrist and hand. Further, Dr. Bush testified that claimant's condition was permanent. While Dr. Bush never testifed that claimant had lost the use of his right hand for all practical intents and purposes, he did give testimony which supported the referee's following factual findings:

8. Dr. Bush stated that given the loss of motion and the loss of grip strength, he certainly has abnormalities now that he did not have before and certainly is limited now in some way that he was not limited before.

9. Dr. Bush testified that for all practical purposes, assuming it was normal prior to the accident, the Claimant does not have the total unrestricted use of his hand.

*Id.* Based on all of the above, the referee found that "based upon the limitations imposed upon the Claimant's right hand and wrist and his pain, that the Claimant has lost the use of his right hand for all practical intents and purposes." *Id.* The Board reversed, stating, "[T]he claimant's medical witness stated claimant's hand was not as it was before the injury. This testimony does not rise to the level necessary to grant an award for loss of use." (Board's opinion and order, 10/3/86). In effect, the Board concluded that expert medical testimony explicitly stating that claimant has lost the use of his

hand for all practical intents and purposes is necessary to sustain an award for specific loss benefits under Section 306(c). The claimant challenges this conclusion, arguing that the evidence presented was sufficient to support the referee's finding that claimant has sustained the loss of use of the injured hand.

We must be guided by two important principles. First, the question of whether a worker has lost the use of a bodily part is one of fact. *Gindy Manufacturing Co. v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 128, 378 A.2d 492 (1977). Second, a worker's injured bodily part need not be absolutely useless to qualify for specific loss benefits; all that need be proven is the permanent loss of use of that bodily part for all practical intents and purposes. *McGartland v. Ampco-Pittsburgh Corp.,* 489 Pa. 205, 413 A.2d 1086 (1980). With these principles in mind, a review of two cases convinces us that the Board erred in reversing the referee's award of benefits.

In *Gindy Manufacturing,* the claimant suffered a work related injury which required the amputation of the index, middle and ring fingers of his right hand midway between the first and second joints of each finger. After collecting specific loss benefits for the amputated fingers, the claimant filed a modification petition alleging that he had lost the use of his right hand. The claimant testified that while he was

> able to pick up sheets of paper from a desk with strenuous effort and shift gears of an automatic floor gear shift by pressure of the palm of his hand, he is unable to grasp manual tools or properly operate certain power tools. He is unable to button his shirt or pick up small objects, such as paper clips from a table; and he has difficulty tying his shoelaces. Inclement weather causes

claimant pain in the partially amputated fingers and in the right hand generally.

32 Pa. Commonwealth Ct. at 132-33, 378 A.2d at 494. A medical expert testified that the claimant there had lost no more than 55% of the functional use of the right hand. We nonetheless affirmed the award of benefits.

In *Reading Tube Corp. v. Workmen's Compensation Appeal Board*, 12 Pa. Commonwealth Ct. 45, 315 A.2d 678 (1974), the claimant had his right index finger amputated as the result of a work related injury. After collecting the specific loss benefits for the amputated digit, claimant filed a reinstatement petition alleging that he had lost the use of his right hand. The claimant was able to perform certain functions with the right hand but was unable to grasp tools, could not eat with the hand and suffered constant pain in the hand. The medical expert did not testify that the pain was "permanent" but did testify that the condition would not improve in the future. Because the claimant, as the prevailing party below, was entitled to the benefit of the most favorable inferences deducible from the evidence, we held that the referee's factual finding that a loss of use for all practical intents and purposes had occurred was supported by substantial evidence.

In neither *Gindy Manufacturing* nor *Reading Tube* did a medical expert proffer the "magic words" opining that the injured worker had lost the use of his hand for all practical intents and purposes. In the present case, the claimant's loss of function in his injured hand was similar to the losses suffered in those cases. Further, the medical experts here both testifed that the condition was permanent. Because of this, we believe the referee's crucial factual finding concerning loss of use is supported by substantial evidence in the record.

Accordingly, the Board's reversal of the referee's award was error.

Reversed.

## ORDER

Now, March 11, 1988, the order of the Workmen's Compensation Appeal Board, dated October 3, 1986, at No. A-91136, is reversed and the award of the referee is reinstated.