543 A.2d 232

Harry F. Hill, Petitioner *v.* Workmen's Compensation Appeal Board (Latrobe Steel Corporation), Respondents.

Argued May 23, 1988, before Judges CRAIG and MC-GINLEY, and Senior Judge NARICK, sitting as a panel of three.

*Robert H. Slone,* Mahady & Mahady, for petitioner.

*H. Reginald Belden, Jr., Stewart, Belden and Belden,* for respondent.

OPINION BY SENIOR JUDGE NARICK, June 23, 1988:

In this workmen's compensation case, Harry Hill (Claimant) questions a reversal by the Workmen's Compensation Appeal Board (Board) of a referee's decision awarding benefits to Claimant pursuant to Section 306(c)(8) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P. L. 736, *as amended,* 77 P.S. §513(8). We reverse.

Claimant was employed by Latrobe Steel Corporation (Employer) for approximately 31 years as a furnace operator. The record reveals that Claimant's work environment required him to be exposed to constant loud noises. On February 5, 1982, Claimant retired, notifying Employer of his hearing problem. On January 30, 1985, Claimant filed a petition for benefits alleging a complete loss of hearing in both ears for all practical intents and purposes as a result of his exposure during the course of his employment to excessive noise levels.

The referee, based upon the medical and lay witness testimony received, concluded that Claimant had suffered a complete loss of hearing in both ears for all practical intents and purposes. Employer appealed and the Board reversed the referee's decision concluding that the medical testimony of record did not establish a complete loss of hearing for all practical intents and purposes.

The sole issue before us is whether the testimony of record establishes that Claimant suffered a complete loss of hearing in both ears for all practical intents and purposes as a result of Claimant's exposure during the course of his employment to excessive noise levels. Claimant maintains that the referee's decision was supported by substantial evidence; and therefore, the Board erred in denying benefits.

In reviewing the decision of the Board, our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law has been committed or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. *See Sandra Miller v. Workmen's Compensation Appeal Board (Pocono Hospital)*, 114 Pa. Commonwealth Ct. 405, 539 A.2d 18 (1988). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Grabish v. Workmen's Compensation Appeal Board (Trueform Foundations, Inc.)*, 70 Pa. Commonwealth Ct. 542, 453 A.2d 710 (1982).

In order to address the issue presented for our resolution on appeal, a close examination of the testimony of record is required. At the hearing before the referee, Claimant testified that he has difficulty hearing and understanding what is being said to him and that where there is background noise or other persons talking he has extreme difficulty understanding what is being said. Claimant also introduced the testimony of several witnesses to verify the high noise levels which existed in his work environment. The sole medical evidence presented consisted of Claimant's audiologist, Dr. Leo Doerfler. The testimony of Dr. Doerfler established that Claimant was examined on April 19, 1984 and diagnosed as suffering from a moderate to severe bilaterally symmetrical sensory neural hearing loss. Dr. Doerfler explained this type of hearing loss as follows:

> The two ears are essentially equivalent in their loss. They are very close to each other on every measure. This is a handicapping type of hearing loss, handicapping in two ways: speech will be fainter if it is audible to him at all, but also he is going to have difficulty in understanding what is

being said to him. This is what is meant by a discrimination problem. If someone says something to him he may hear what they say, although it may be faint, but he will often misunderstand what is said to him, get it wrong. He will have more trouble depending on the acoustics of the situation. If he is in a quiet room talking to one person, he will have less trouble. If he is in a situation where there is any type of background noise or more than one person talking, he will have increased difficulty.

It was also Dr. Doerfler's testimony that he first examined Claimant in 1981 and Claimant's hearing loss had progressed since that time. Dr. Doerfler stated that Claimant's hearing loss may remain the same as long as there is no further exposure to causative agents which result in hearing loss. It was the doctor's opinion based upon a reasonable degree of medical certainty that Claimant's hearing loss was the result of his exposure to noise at work.

When asked if he would characterize Claimant's hearing loss as disabling, Dr. Doerfler replied:

This is what I call a handicapping kind of hearing loss. It is handicapping, as indicated before, both in terms of not hearing sounds or hearing them fainter and of having trouble discriminating between them. An additional problem that these kinds of people have is not knowing whether he will be able to communicate when he goes into a situation. He doesn't know what the environment will be like, whether he will be able to understand what is being said to him. So that provides a type of stress.

On cross-examination, Dr. Doerfler testified that Claimant's hearing loss could be described as mild-profound. The doctor further explained that for some of the

range of his audiogram, Claimant had a moderate hearing loss, but for higher tones, Claimant's hearing loss was severe. Dr. Doerfler further noted on cross-examination that Claimant's hearing loss was "a nasty one" and that while hearing aids in both ears might help he would still have difficulty.

A determination as to whether a claimant has suffered a "loss" under Section 306(c) of the Act is a question of fact. *See Klaric v. Workmen's Compensation Appeal Board (National Castings)*, 71 Pa. Commonwealth Ct. 91, 455 A.2d 217 (1983). When no additional evidence is received by the Board, the referee is the ultimate factfinder, *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973); and it is within the referee's factfinding province to draw reasonable inferences from the evidence. *Oscar Mayer and Co. v. Workmen's Compensation Appeal Board (Manzi)*, 65 Pa. Commonwealth Ct. 514, 442 A.2d 1238 (1982).

A claimant, in order to establish a specific loss of hearing, must demonstrate that he has suffered a complete loss of hearing for all practical intents and purposes. *Babcock & Wilcox v. Workmen's Compensation Appeal Board (Rollins)*, 111 Pa. Commonwealth Ct. 41, 533 A.2d 188 (1987). Our Supreme Court recognized in *Workmen's Compensation Appeal Board v. Hartlieb*, 465 Pa. 249, 255, 348 A.2d 746, 749 (1975) that a "complete loss of hearing" under Section 306(b) of the Act does not require "that a person . . . stand beside the mouth of an erupting cannon and hear absolutely nothing in either ear before his hearing loss could be described as 'complete' ". Accordingly, the high court adopted an understanding of the term "complete loss of hearing for all practical intents and purposes" which rejects a literal interpretation and adopts a more realistic measure:

'If the words, [complete loss of hearing] however, are taken relatively rather than absolutely, and in the light of everyday experiences, rather than from the viewpoint of a literal clinician, then this precise means of measuring the extent of a hearing loss in percentiles becomes unacceptable. In this relative context a person, even though he is able to hear loud, pure tones, is completely bereft of his hearing if he is unable to communicate with his fellow man and is denied those other practical and useful benefits generally associated with man's usual and customary wants, needs and pleasures.'
Id. at 255, 348 A.2d at 749 quoting *Pilkanis v. Leesona Corp.*, 101 R.I. 494, 224 A.2d 893 (1966).

Thus, the test "complete loss of hearing for all practical intents and purposes" involves a determination as to whether an individual is able to function in usual social, work and familial settings, *Hartlieb; Babcock & Wilcox v. Workmen's Compensation Appeal Board (Marshall)*, 97 Pa. Commonwealth Ct. 45, 508 A.2d 1303 (1986). Consequently, an employee's Section 306 loss need not be absolute. *Cress v. Workmen's Compensation Appeal Board (Tri-State Envelope Co.)*, 114 Pa. Commonwealth Ct. 363, 538 A.2d 1382 (1988).

However, the problem which confronts us here is whether Dr. Doerfler's testimony, although he did not utilize the magic words "complete loss of hearing for all practical intents and purposes" can support a finding of a Section 306(c)(8) loss of hearing. This Court has held that in order to establish a Section 306 loss, it is not mandatory for a medical expert to proffer the magical words of "loss of use for all practical intents and purposes". *Cress; Gindy Manufacturing Co. v. Workmen's Compensation Appeal Board (Burgos)*, 32 Pa. Commonwealth Ct. 128, 378 A.2d 492 (1977); *Reading*

*Tube Corp. v. Workmen's Compensation Appeal Board (Scull)*, 12 Pa. Commonwealth Ct. 45, 315 A.2d 678 (1974).

In *Cress,* we reinstated a referee's award of benefits which had been reversed by the Board. The claimant in *Cress* had filed a petition for the loss of use of his right hand. The claimant's medical expert, upon which the referee based his findings that the claimant had lost the use of the right hand for all practical intents and purposes, testified that the claimant's grip strength in his right hand was one-half of the grip strength in his left hand, that claimant had lost one-half of the motion in his right hand when compared to his left hand and that claimant's condition was permanent. The referee concluded that claimant had certain abnormalities now which he did not have before and that he was now limited in some way which he was not limited to before; therefore, the claimant had suffered a loss of use of the right hand for all practical intents and purposes. The Board reversed stating that the testimony of the doctor did not rise to the level necessary to grant an award for loss of use. Consequently, we reversed the Board concluding that this medical testimony was sufficient to establish a loss of use.

In *Gindy Manufacturing,* the claimant who was a manual worker testified that he was able to pick up sheets of paper from a desk with strenuous effort and shift gears of an automatic floor gear shift by the pressure of the palm of his hand. However, the claimant in *Gindy* also testified he was unable to grasp manual tools or properly operate certain power tools, that he was unable to button his shirt or pick up small objects such as paper clips from a table, and that he had difficulty tying his shoe laces. Inclement weather also caused pain in the claimant's partially amputated fingers and the right hand. The claimant's medical expert testi-

fied that the claimant had a functional loss of use of the right hand which was no more than 55%. This Court nonetheless affirmed the award of benefits concluding that claimant did in fact suffer a loss of use for all practical intents and purposes according to the medical testimony.

In *Reading Tube,* the record disclosed that claimant was able to pick up a few sheets of paper with his right hand and shift gears on an automatic gear shift with the side of his right hand. However, the claimant could not grasp a tool, eat with his right hand and was in constant pain because of neuromas on his hand. The court noted that the claimant's medical expert never specifically testified the neuromas were permanent but did testify that the condition of the hand would not improve in the future and that the neuroma forms were difficult to get rid of, so difficult that operations to remove the neuromas had failed. This Court concluded that the medical testimony was sufficient to establish claimant had suffered a permanent loss pursuant to Section 306 of the Act.

Here, the medical testimony establishes that Claimant suffers a handicapping hearing loss which will not improve in the future, that Claimant has difficulty communicating with others because he is often unable to hear or understand what is said to him, and that he has more trouble depending on the acoustics of the situation. Thus, we are satisfied, after a careful perusal of the record herein, especially the testimony of Dr. Doerfler, that there is substantial evidence from which the referee could have concluded that Claimant has suffered a complete loss of hearing for all practical intents and purposes.

Accordingly, the Board's reversal of the referee's award was error; we reverse the order of the Board and reinstate the order of the referee.

## Order

AND NOW, this 23rd day of June, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed, and the order of the referee is reinstated.