595 A.2d 674

**George J. CORDEN, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (LATROBE STEEL COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted May 24, 1991.

Decided July 11, 1991.

Petition for Allowance of Appeal
Denied Dec. 17, 1991.

John W. McTiernan, Pittsburgh, for petitioner.

Craig E. Kuyat, Johnstown, for respondent.

Before PALLADINO and KELLEY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

This is an appeal by George J. Corden (claimant) from an order of the Workmen's Compensation Appeal Board

(Board) which affirmed a referee's decision denying his claim petition for the specific loss of hearing in both ears.

The claimant was employed in the hammer shop of Latrobe Steel Company (employer) for 34 years. The record reveals that his work environment required him to be exposed to constant loud noises. He retired in June 1987, notifying the employer of his hearing problem approximately one year later. On September 6, 1988 he filed a claim petition, alleging a complete loss of hearing in both ears for all practical intents and purposes as a result of his exposure to excessive noise levels during the course of his employment.

■ The referee made the following undisputed findings of fact:

6. The Claimant submitted a deposition of Michael C. Bell, M.D. The Defendant submitted a deposition of Sidney H. Busis, M.D. Each of these is Board certified in otolaryngology. Neither has treated the Claimant.

7. The testimony of Dr. Busis is creditable [sic] and convincing. I accept his opinions over those of Dr. Bell where their opinions differ as to the Claimant's loss of hearing. I accept Dr. Busis's opinion as the basis of this decision.

8. The Claimant's occupational exposure to noise has caused a moderate sensorineural hearing loss in both ears. He has a near normal speech discrimination ability in each ear. Sound field tests are consistent with normal ability to understand speech.

9. The Claimant's testimony as to the extent of hearing loss is rejected.

Referee's Decision (R.D.), July 21, 1989 at 1. Based on these findings of fact, the referee concluded that the claimant does not have a complete loss of hearing in either or both ears because of his occupational exposure to noise. The claimant appealed to the Board which affirmed the

referee's decision. It is from this order of the Board that the claimant appeals to this Court.[1]

■ This Court has previously held that a claimant must demonstrate that he suffered a complete loss of hearing for all practical intents and purposes in order to establish a right of recovery under Section 306(c)(8) of The Pennsylvania Workmen's Compensation Act (Act)[2]. *Babcock & Wilcox v. Workmen's Compensation Appeal Board (Phillips)*, 105 Pa. Commonwealth Ct. 539, 524 A.2d 1080 (1987). Moreover, whether a claimant has sustained a "complete loss of hearing for all practical intents and purposes" involves a determination as to whether the individual is able to function in his usual social, work and familial settings. *Hill v. Workmen's Compensation Appeal Board (Latrobe Steel Corp.)*, 117 Pa. Commonwealth Ct. 251, 543 A.2d 232 (1988), appeal denied, 522 Pa. 598, 562 A.2d 322 (1989).

■ Here, the referee accepted the testimony of the employer's expert witness as the basis for his finding concerning the extent of the claimant's hearing loss. The referee found that while the claimant did indeed have a moderate sensorineural hearing loss in both ears as a result of occupational exposure to noise, he still has near normal speech discrimination ability in each ear, and sound field tests indicate that, overall, he has a normal ability to understand speech. Our review of the evidence of record reveals substantial evidence in support of the referee's findings of fact which we believe are consistent with his conclusion that the claimant does not have a complete loss of hearing for all practical intents and purposes.

■ The claimant, however, asserts that because the referee found that his occupational exposure to noise caused him to suffer a moderate sensorineural hearing loss

1. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Cress v. Workmen's Compensation Appeal Board (Tri–State Envelope Co.)*, 114 Pa. Commonwealth Ct. 363, 538 A.2d 1382 (1988).

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513(8).

in both ears, the referee erred in failing to award a suspension of benefits for partial disability due to a work-related injury. We disagree.

■ In our view, the referee did not err in failing to order a suspension of compensation for the simple reason that no disability has been established. The language of Section 413 of the Act, *as amended*, 77 P.S. § 772, governing the suspension of compensation, unmistakably requires the pre-existence of an agreement or award of compensation which can be *suspended*. *Montgomery v. Workmen's Compensation Appeal Board*, 42 Pa. Commonwealth Ct. 143, 400 A.2d 253 (1979) (Emphasis in Original). A suspension agreement was certainly not designed to provide an additional vehicle for the initial determination of disability. *Id.*, 42 Pa.Commonwealth Ct. at 146, 400 A.2d at 255.

The claimant contends that our decision in *United States Steel Corp. v. Workmen's Compensation Appeal Board*, 62 Pa.Commonwealth Ct. 502, 437 A.2d 92 (1981), is controlling here rather than our decision in *Montgomery* because *Montgomery* addresses the availability of a suspension of compensation in the context of an occupational disease case whereas *United States Steel Corp.*, as here, involves the availability of a suspension of compensation in an injury case. We find the claimant's reliance on *United States Steel Corp.* to be misplaced. In that case, although we upheld the granting of a suspension order, we did so only because we determined that the referee had made an "award" to the claimant by specifically finding that the claimant had sustained an indeterminate degree of partial disability as a result of an injury to his leg. *Id.*, 62 Pa.Commonwealth Ct. at 506, 437 A.2d at 94. Here, we can find nothing in the referee's decision that constitutes an "award" to the claimant. Therefore, we hold that regardless of whether a suspension of compensation is sought in an occupational disease case or an injury case, Section 413 of the Act still requires the pre-existence of an "agreement" or "award" which can be suspended.

Accordingly, the order of the Board is affirmed.