632 A.2d 592

**William PETRAS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (USX CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 16, 1993.

Decided Sept. 24, 1993.

Reargument Denied Nov. 10, 1993.

Daniel K. Bricmont, for petitioner.

Martha R. Conley, for respondent.

Before DOYLE and FRIEDMAN, JJ., and RODGERS, Senior Judge.

DOYLE, Judge.

This is an appeal by William Petras (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision denying Claimant's petition for reinstatement of "suspended" benefits.

The following facts are pertinent. Claimant filed a claim petition on October 12, 1981 alleging a sensory neural hearing loss as a result of exposure to loud noise at the work site. In his claim petition the Claimant sought only medical expenses in the form of payment for a hearing aide. Claimant's petition was granted and Employer was ordered to pay for the hearing aide. Although Claimant never .sought nor did he receive compensation for any time lost from work—since there was none—the referee in his adjudication, in addition to granting the medical benefits sought, stated in his Conclusion of Law No. 2 that "claimant is entitled to a suspension of compensation benefits within the meaning of Section 306(b) of [The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 512]." The referee's order, however, contained no reference to a suspension. The referee's decision was appealed by Employer to the Board which affirmed the order on December 1, 1983. No further appeal was taken.

On September 10, 1990, Claimant filed the instant petition for reinstatement. He alleged therein that his work-related disability continues and now prevents him from working in his time of injury job and that no other work within his capabilities was available after he was laidoff on May 11, 1990 for economic reasons. The referee concluded that Claimant was not in fact under a suspension since he had never received any compensation benefits to be suspended; consequently, Claimant could not prevail in a petition to reinstate suspended benefits when there was no "suspension" to reinstate. On appeal the Board affirmed and Claimant's appeal to this Court ensued.

■ Claimant contends before this Court that the referee and Board committed legal error because his status was that

of an employee under a suspension. He also maintains that he met his burden of proof and is entitled to the reinstatement of his benefits. Obviously, we must first decide exactly what Claimant's status was at the time he filed the instant petition. If, in fact, his benefits were suspended, he is entitled to the benefit of a lighter burden of proof.[1]

We begin by noting that under Section 413(a) of the Act, 77 P.S. § 772, a referee may reinstate suspended benefits "unless it be shown that the loss in earnings does not result from the disability due to the injury." The question is thus whether a claimant who suffers no loss of work time and, consequently, no loss of earnings, but is required to wear a hearing aid has a disability within the meaning of Section 413(a). This exact question appears to be one of first impression.

In *Corden v. Workmen's Compensation Appeal Board (Latrobe Steel Co.)*, 141 Pa.Commonwealth Ct. 207, 595 A.2d 674 (1991), *petition for allowance of appeal denied,* 529 Pa. 642, 600 A.2d 1260 (1991), the referee concluded in the context of a claim petition that the claimant had suffered a moderate hearing loss but had not lost his hearing for all practical intents and purposes and was therefore not entitled to specific loss benefits. The Board affirmed as did this Court. We reasoned that since no disability had been established, the claimant was not entitled to a suspension. As in *Corden*, this case involves a situation where there was no time lost from work, no disability in a compensation sense, no compensation benefits paid, and no finding that Claimant has suffered an "injury."[2] Unlike *Corden*, however, we have in this case the entry of a previous award for medical supplies.

1. Where a claimant seeks to reinstate suspended benefits he need not reprove his original injury. He need only prove that through no fault of his own his earning power is again adversely affected and that the disability which gave rise to his original claim in fact continues. *Pieper v. Ametek–Thermox Instruments Division,* 526 Pa. 25, 584 A.2d 301 (1990).

2. The referee in the February 17, 1982 decision made the following finding and conclusion:

In *United States Steel Corp. v. Workmen's Compensation Appeal Board*, 62 Pa.Commonwealth Ct. 502, 437 A.2d 92 (1981), the claimant sustained a leg injury but lost no time from work. He did, however, receive medical treatment. This Court opined that a suspension was appropriate even though the claimant had lost no time from work because ongoing medical treatment was being rendered. Here Claimant did not receive ongoing medical treatment, but did obtain a medical device. Further, *U.S. Steel* has been limited to situations where the injury was immediate, rather than insidious, and where it was readily observable. *See Montgomery v. Workmen's Compensation Appeal Board*, 42 Pa.Commonwealth Ct. 143, 400 A.2d 253 (1979).

This case before us now presents a factual situation that would appear to fall somewhere between *Corden* and *U.S. Steel*. According to the late Judge Barbieri, petitions filed under the paragraph of Section 413(a) pertaining to reinstatement "are for the purpose of changing an established disability or benefits arrangement...." Barbieri, *Pennsylvania Workmen's Compensation and Occupational Disease*, § 614(3) (1991). The inquiry then becomes whether the award of the hearing aid constitutes an adjudication of an established

FINDINGS OF FACT
....
SIXTH: The Referee finds as credible Doctor Angelelli's opinion that the claimant needs a hearing aid as a result of his noise induced hearing loss. Your Referee further directs the defendant to pay $450.00 for the said hearing aid.

CONCLUSIONS OF LAW
....
SECOND: The claimant having met his burden of proof that he has suffered a sensory neural hearing loss as a result of his exposure to high noise levels during the course of his employment with the defendant, is entitled to receive benefits in accord with § 306(f) of the Act, in the form of the payment of a hearing aid, and further the claimant is entitled to a suspension of compensation benefits within the meaning of § 306(b) of the Act.

At no time did Claimant ever allege that he has lost his hearing for all practical intents and purposes nor was any medical testimony introduced to establish such a specific loss injury. The only object of Claimant's petition was to obtain a hearing aid.

disability.[3]   In *Luciani v. Workmen's Compensation Appeal Board (Brockway Glass Co.)*, 103 Pa.Commonwealth Ct. 623, 520 A.2d 1256, *petition for allowance of appeal denied*, 516 Pa. 644, 533 A.2d 714, 715 (1987), this Court held that disability is synonymous with loss of earning power.   In the case presented to us now Claimant suffered absolutely no loss of earning power and clearly sought only payment for the hearing aid when he filed his claim petition.   He did not have ongoing medical costs and this case is therefore distinguishable from *U.S. Steel.*   Further, he remained at his time of injury job with no restrictions.   That being the case, it follows that Claimant suffered no disability.   Furthermore, there was never a finding that Claimant ever suffered an injury under any section of the Act, that is, either under Section 301(c)(1) of the Act, 77 P.S. § 411(1) (ordinary injuries), Section 301(c)(2) of the Act, 77 P.S. § 411(2) (occupational diseases), or under Section 306(c) of the Act, 77 P.D. § 513 (specific loss injuries). Since he suffered no disability or injury, he cannot fall within the reinstatement language of Section 413 which conditions reinstatement of benefits on the recurrence of a *disability.* Additionally, *U.S. Steel,* a case which liberally construed Section 413(a) to include situations involving the ongoing payment for medical services where *injuries* are readily observable and immediate, is of no precedential value here.

Accordingly, the Board's decision must be affirmed.[4]

RODGERS, Senior Judge concurs in the result only.

**3.**   Claimant cites *Workmen's Compensation Appeal Board v. DelCimmuto*, 23 Pa.Commonwealth Ct. 43, 350 A.2d 459 (1976), for the proposition that the award of the hearing aid was compensation.   That case, however, held only that medical services (not supplies) are compensation for the purpose of the statutory interest provision in Section 410 of the Act, 77 P.S. § 751, as it then existed and is not necessarily relevant here.   The term "compensation" can have different meanings within different Sections of the Act.   *See generally Fuhrman v. Workmen's Compensation Appeal Board (Clemens Supermarket)*, 100 Pa.Commonwealth Ct. 577, 515 A.2d 331 (1986), *appeal dismissed as having been improvidently granted*, 518 Pa. 59, 540 A.2d 267–68 (1988).

**4.**   Due to our disposition of this issue, we need not decide whether Claimant met his burden of proof in the reinstatement petition and we

534

## ORDER

NOW, September 24, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

FRIEDMAN, Judge, dissenting

I believe that *United States Steel Corp. v. Workmen's Compensation Appeal Board*, 62 Pa.Commonwealth Ct. 502, 437 A.2d 92 (1981) controls here. Moreover, I believe that under *U.S. Steel*, where, as here, a referee found that Claimant sustained a work-related hearing loss and granted Claimant's petition seeking medical expenses in the form of payment for a hearing aid, that award is properly the basis for a suspension order even where Claimant was never paid compensation benefits. Thus, I respectfully dissent.

The majority, in concluding its opinion, states:

[T]here was never a finding that Claimant ever suffered an injury under any section of the Act, that is, either under Section 301(c)(1) (ordinary injuries), Section 301(c)(2) (occupational diseases) or under Section 306(c) (specific loss injuries). Since he suffered no disability or injury, he cannot fall within the reinstatement language of Section 413 which conditions reinstatement of benefits on the recurrence of a disability. Additionally, *U.S. Steel*, a case which liberally construed Section 413(a) to include situations involving the ongoing payment for medical services where injuries are readily observable and immediate, is of no precedential value here.

(Majority opinion at 594.)

Initially, I must strenuously disagree with the majority when it states that Claimant suffered no work-related injury. By granting Claimant's claim petition and *awarding* payment for a hearing aid, the referee and Board acknowledged that Claimant suffered from a *work-related condition requiring*

note that he does not even argue that he met the heavier burden attendant to an initial claim petition.

continuing medical care. Indeed, the referee specifically concluded that Claimant "met his burden of proof that *he has suffered a sensory neural hearing loss as a result of his exposure to high noise levels during the course of his employment* with the defendant" and so was entitled to receive benefits in accord with § 306(f) of the Act, in the form of the payment of a hearing aid. If, as the majority asserts, Claimant suffered no work-related "injury" under the Act, I would ask what it is that a person has suffered when working conditions have impaired his or her hearing to the extent that a hearing aid is required, but that person has not lost his hearing for all practical intents and purposes.

The majority cites *Corden v. Workmen's Compensation Appeal Board (Latrobe Steel Co.),* 141 Pa.Commonwealth Ct. 207, 595 A.2d 674 (1991), in which the claimant, while not entitled to specific loss benefits, nevertheless suffered a moderate work-related hearing loss. The claimant in *Corden,* as here, relied on *U.S. Steel* to show his entitlement to a suspension of benefits for partial disability due to a work-related injury. We disagreed that *U.S. Steel* applied in *Corden,* however, reasoning that in *U.S. Steel,* the referee had made an *award* to the claimant, whereas in *Corden,* there was nothing in the referee's decision that constituted an award. However, the missing element which prevented us from applying *U.S. Steel* in *Corden* is present here. In fact, even the majority, after noting the similarities between this case and *Corden,* notes the one distinction, stating, "Unlike *Corden,* however, we have in this case the entry of a previous *award* for medical supplies." *Corden* may differ from this case in only one particular, but that is the one which matters; thus, *U.S. Steel* should apply here.

The majority attempts to distinguish *U.S. Steel* by asserting that its liberal construction of Section 413(a) is limited to situations where injury was immediate and readily observable and cites *Montgomery v. Workmen's Compensation Appeal Board,* 42 Pa.Commonwealth Ct. 143, 400 A.2d 253 (1979), in

support of this conclusion. I disagree that *Montgomery* acts to limit *U.S. Steel*.

*Montgomery* is an occupational disease case which relied upon the insidious nature of such diseases for its rationale. In fact, in *U.S. Steel*, we distinguished *Montgomery* on precisely this basis and relied instead on the analysis provided in *Hinkle v. H.J. Heinz Co.*, 462 Pa. 111, 337 A.2d 907 (1975), a case in which the claimant suffered a partial hearing loss due to prolonged exposure to noise in his workplace.[1] Additionally, in *Corden*, which dealt with hearing loss, we declined to apply *U.S. Steel* based only the lack of a referee's award and made no reference to the majority's claimed qualification of the *U.S. Steel* holding. Nor should *U.S. Steel* be thus restricted. Claimant is no less afflicted by his work-related "injury" because it was acquired over the course of time;[2] thus, there is no reason that he should be compensated any differently or any less than a worker who was injured suddenly. Indeed, in *Hinkle*, our Supreme Court refused to make such a distinction, stating:

> [I]f, as must be conceded, hearing loss precipitated by one particular outburst of noise would be compensable, we would frustrate the remedial purposes behind our workmen's compensation legislation if we were to deny relief to one injured by a series of similar noises, all occurring in the

1. In *U.S. Steel*, we stated:

   *The Supreme Court, in Hinkle v. H.J. Heinz Co., 462 Pa. 111, 337 A.2d 907 (1975), recognized that a situation similar to that present in this case might be the basis for a suspension order.* In *Hinkle*, the claimant filed a petition with the Board, alleging that he suffered a partial loss of hearing as a result of protracted exposure to noise in the course of his employment. While conceding that he had lost no time from work, the claimant nevertheless contended that he had a right to a compensation award for a partial disability and requested that the award be suspended until such time as the disability were reflected in a future loss of earnings. The Supreme Court [ruled] that the claimant had a viable claim ...

   *Id.* at 506, 437 A.2d at 94. (Emphasis added.)

2. As for the observability of the injury, this also is relevant only in the context of occupational disease; however, I would note that a hearing aid is often noticeable, as is a person's inability to hear when an aid is needed but not worn.

course of his employment, no one of which caused the injury.

*Id.* at 117, 337 A.2d at 910.

The majority also differentiates *U.S. Steel* by stating that in that case, although the claimant lost no time from work, he did receive ongoing medical treatment. The majority claims that Claimant here did not receive such treatment but instead obtained a medical device. I fail to see why the award of a hearing aid, which must be worn continually to compensate for Claimant's work-related hearing loss, is not equivalent to Claimant receiving ongoing medical treatment. Admittedly, Claimant does not have to go to the doctor on a daily basis; instead, he inserts the device daily himself, receiving ongoing medical benefits from it upon each insertion.

Keeping in mind the remedial purpose of the Act, it makes no sense to deny benefits to an injured worker merely because his work-related "injury" does not fit comfortably into established categories. Here, what is evident beyond question is that because of exposure to noise at the work site, Claimant sustained a permanent partial hearing loss, requiring the use of a hearing aid. That we do not know how to label this work-related injury, makes Claimant no less entitled to payment for it. I would reverse.